### 1015.  SCOTT *v.* THE STATE.

1. This case is controlled by the decision of this court in *Rouse* v. *State,* 2 *Ga. App.* 184 (4), (5), (58 S. E. 416).  It is error for the presiding judge to argumentatively stress the contentions of either of the parties. This error is aggravated if like reference is not made to the contentions of the opposite party, especially if the attention of the court has been called to the omission.  A summary of all the evidence favorable to the State, in a criminal case, and the omission of a like statement of the evidence in behalf of the accused, is unfair to the latter, and is reversible error.

2. The remaining exceptions are without merit and, except as above indicated, the trial was free from error.

Accusation of assault and battery, from city court of Bainbridge —Judge Harrell.  January 22, 1908.

Submitted March 11,—Decided March 16, 1908.

*R. G. Hartsfield,* for plaintiff in error.

*M. E. O'Neal, solicitor,* contra.

RUSSELL, J.  The trial in the court below seems to have been, in the main, free from error; and for that reason we shall not consider the exceptions which we do not deem to be meritorious.  One error in the charge, however, under the provisions of the Civil Code, §4334, leaves us no discretion, and demands a new trial. The plaintiff in error complains that the court erred in its charge to the jury by summing up and stressing the circumstances insisted on by the State, tending to prove the guilt of the defendant, and the lack of sufficient provocation by the use of opprobrious words, without a corresponding statement of the circumstances

brought out by defendant and insisted on for his defense, tending to show sufficient provocation; especially in view of the fact that his counsel, before the jury retired, requested the court to supply the omission and charge the jury as to his contentions.

Upon consideration of the charge, we are satisfied that this case falls clearly within the ruling in *Rouse* v. *State*, 2 *Ga. App.* 184 (4), (6), (58 S. E. 416). The court charged the jury as follows: "In the case at bar the State insists that the defendant is guilty of the charge. The State insists, that the prosecutor, John O'Donnell, was in a saloon on Water street, and that the defendant, W. H. Scott, in company with policeman Rook, came into the saloon, and Rook arrested some one, and that the only words spoken by the prosecutor, John O'Donnell, were, 'I wonder why they have arrested that man;' the prosecutor, at the time, stating, 'He has done nothing to be arrested for; I presume they arrested him for the $1.95;' and that Scott became offended and asked the prosecutor if he meant to insinuate that he would arrest a man just for the costs. The State insists that the prosecutor stated to Scott, who was a policeman in uniform, that he did not intend the remarks for him, but the prosecutor said it was the general talk about the town that officers were making arrests just for the costs. The State insists that the prosecutor told Scott that he intended no reflection on him, that the words used were not intended for him. The State insists that policeman Scott became enraged and knocked the prosecutor, O'Donnell, to the floor, bruising him severely on the nose and face. The State insists that the defendant, W. H. Scott, is a young man, vigorous and strong, and that the prosecutor, John O'Donnell, is feeble and about sixty-two years old. The State insists that the prosecutor, at the time he received the blow, was making no effort of any kind to do violence to the defendant." After thus presenting all of the contentions of the State, the court said nothing as to the defendant's contentions, except to instruct the jury that "the defendant has a right to offer in evidence any opprobrious words or abusive language offered by the prosecutor as a defense. They may or may not have justified the battery; so you would look to the evidence to see what opprobrious words were used, if any. You will also look to the testimony to see what battery, if any, was inflicted upon the prosecutor." The extract from the charge of the court, that "if the jury

believe that the only words used by the prosecutor in this case were 'I wonder why they arrested that man,' and that they were not used to or of Scott, and that this was all that was said by the prosecutor, and the defendant knocked him down to the floor and bruised him in the manner testified to, the defendant would not be justifiable," may have tended to further impress the jury with the superior credibility of the testimony in behalf of the State, in view of the fact that only the testimony upon that subject, and law applicable to it, were concretely presented. As an abstract proposition, the portion of the charge last quoted was a correct statement of law; and the court did not err in applying the law to the facts. The error consisted in not presenting both sides with equal fullness to the jury. If the judge thought proper to charge the jury as he did upon this subject, he should also have told them that if they believed, from the evidence, that other words or additional words were used by the prosecutor to the defendant, and if such words were, under the circumstances, opprobrious, and were used without provocation, then it would be for the jury to say whether the battery, if one had been proved, was justifiable. As there was evidence to the contrary of that presented by the judge in his charge, the law should have been applied to both phases of the contention, with equal fullness and exact impartiality. It is quite apparent to us that the presentation of the State's theory in this case, without like presentation or instruction as to the testimony in behalf of the defendant, was unfair to the defendant, though not intentionally so; and for that reason a new trial should be granted.                                    *Judgment reversed.*

POWELL, J., dissenting. That instructions to the jury of the nature indicated in the excerpt from the charge quoted in the opinion in chief are not to be commended; that the judge should not state or summarize the individual or particular facts appearing in the proof of either party, even though he does not present them as facts proved but as contentions; that, if challenged by an appropriate specific assignment of error, certain portions of the charge in this case could not be successfully defended, I do not gainsay. That the defendant is guilty; that even under his own testimony he would probably have been convicted; that another trial will reach the same result as the one already had, none of us seriously doubt. That the grounds of the motion for a new trial

in which the attack on the charge is made do not themselves contain that element of completeness, which, under repeated rulings of the Supreme Court, is a prerequisite to their consideration here, can not be questioned.   I agree with my brethren of the bench that these precedents have established a rule too technical, more technical, indeed, than the law ever intended.   However, I do not recognize any right or power on our part to break away from or to reverse these precedents; and if I ever intentionally consent to disregard them, it will be to keep some defendant, whom we believe to be innocent, from suffering an unjust sentence, not to give one whose guilt admits of little doubt another chance to escape condign punishment.   The portion of the charge upon which the majority of the court rests the judgment of reversal is nowhere set forth, mentioned, or pointed out in the motion for new trial, but has been extracted by the patience of my brother Russell from the entire charge which appears in the record.   The ground of the motion for a new trial in which the question is sought to be raised is but a scattering fusillade directed against the charge as a whole.   The exception as taken is that the charge summarizes and stresses the contentions of the State without presenting a corresponding summary of the defendant's contentions.   By what portions of the charge the contentions of the State are unduly stressed is not asserted; what contentions of the defendant were neglected is not stated.   The only contention of the accused which grew out of the evidence was that the prosecutor had provoked the difficulty by the use of opprobrious words.   The court charged fairly, fully, and correctly as to this.   He ought not to have particularized the individual contentions of facts made by either party as to the mere details of the quarrel and difficulty under investigation.   By going through the entire charge we find that the judge did particularize some of the individual facts proved by the State; this, I am frank to concede, he ought not to have done; but the exception is not broad enough to raise the question. Read as a whole, especially in connection with the brief of the evidence, the charge is very much fairer to the defendant than the isolated excerpt quoted in the majority opinion seems to indicate.   For these reasons I dissent.