## GARBUTT LUMBER COMPANY *et al. v.* PRESCOTT.

Where the husband of the payee of certain negotiable promissory notes, which were endorsed in blank by the payee, delivered them to a third person, and the wife afterwards brought trover to recover the notes, and it became material to inquire whether the husband, in delivering the notes to the third person and in then giving certain directions as to what disposition should be made of the notes, acted as a special or general agent, or whether he was authorized to dispose of the notes as completely as if he was the owner thereof at the time he delivered them to the third person, it was error for the court to charge the jury as follows: "The notes sued on being payable to A. V. Prescott, and the check given by Garbutt Lumber Company to cash the other note being payable to A. V. Prescott or order, were sufficient facts to put defendants on notice that they were dealing with an agent, and it was incumbent upon them to ascertain the extent of agent's authority; and if they failed to do so, then they dealt with the agent at their own risk as to whether he was authorized to deal with them to the extent which they sought to deal with him." Such a charge invaded the province of the jury and decided the evidentiary value of certain facts in the case which the jury alone had the right to pass upon.

Argued February 13,—Decided August 17,—Rehearing denied August 19, 1908.

Trover. Before Judge Whipple. Ben Hill superior court. May 21, 1907.

Alice V. Prescott sued the Garbutt Lumber Company, J. W. Garbutt, T. W. Garbutt, F. J. Garbutt, and M. W. Garbutt, to recover two certain promissory notes, one for $1,000 and one for $2,500, with interest at eight per cent., and providing for ten per cent. attorney's fees, said notes being signed by H. L. Garbutt, and payable to the order of Alice V. Prescott. She claimed, "as the income or profits of the notes, $200 per year, that being the amount of interest called for by the said notes." To this suit the defendants filed an answer, denying substantially the allegations of the plaintiff's petition, but setting up that the notes had been delivered by W. J. Prescott, agent of Alice V. Prescott, to defendants, together with another note for $1,000, and that at the instance of

plaintiff's agent the defendants had cashed the other note for $1,000, paying that amount to the plaintiff's agent, W. J. Prescott; and setting forth that the other note had been left in the custody of the defendants in order that they might ascertain whether they would discount or purchase the remaining notes; that all of said notes were given as the purchase-price of a one-fourth interest by H. L. Garbutt in a sawmill in Florida, of which W. J. Prescott owned an interest, and his wife, the plaintiff, owned an interest, and his sister owned another interest; that H. L. Garbutt had found that the purchase had been induced by misrepresentations of W. J. Prescott, and on that account desired to withdraw from the trade, and that the plaintiff, or her authorized agent, had consented to a rescission of the contract, and authorized defendants to deliver the said notes to the maker thereof, H. L. Garbutt, and that W. J. Prescott had promised to refund the sum of $1,000, paid for the first note as above stated; and that thereby the entire contract had been rescinded and the notes restored to the maker. The answer also set forth that the notes were not of their face value, as alleged in the petition, but that they were worthless, because H. L. Garbutt, since the making of them, had been adjudicated bankrupt, and had been discharged by the bankrupt court from the said indebtedness evidenced by said notes. The answer further set up that the defendants, at the first term of court, filing their defense, offered to produce the notes and surrender them to the plaintiff. A verdict was returned in favor of the plaintiff, and the defendants excepted to the overruling of their motion for a new trial.

*Hal Lawson,* for plaintiffs in error. *Haygood & Cults,* contra.

BECK, J. The original motion for a new trial contains the general and usual grounds, it being contended that the verdict is contrary to the evidence and without evidence to support it; and the first eight grounds of the amended motion are merely an elaboration of the contention that the verdict is without evidence to support it, pointing out with particularity in what respects the verdict is not supported by the evidence in the case. The evidence set out in the record is voluminous and conflicting; and inasmuch as the case is remanded for a new trial, no opinion is expressed as to the weight of the testimony in regard to the various issues raised.

In the last ground of the motion error is assigned upon the fol-

lowing charge of the court: "The notes sued on being payable to A. V. Prescott, and the check given by Garbutt Lumber Company to cash the other note being payable to A. V. Prescott or order, were sufficient facts to put defendants on notice that they were dealing with an agent; and it was incumbent upon them to ascertain the extent of agent's authority, and if they failed to do so, then they dealt with the agent at their own risk as to whether he was authorized to deal with them to the extent which they sought to deal with him." We are of the opinion that the court erred in giving to the jury this instruction. The evidence was conflicting on the question as to whether or not W. J. Prescott, at the time he delivered the notes to the Garbutt Brothers, was acting in the capacity of a general or special agent for his wife, Mrs. A. V. Prescott, and there was some evidence from which the jury might have found that he was authorized to deal with the notes as his own property and had a right to so treat them. That being the case, the question as to whether he was a general agent or a special agent in the matter of disposing of the notes, or whether he was authorized, under the facts of the case, to dispose of them as completely as if he were the owner, should have been submitted as a question of fact to the jury, without any intimation or expression of opinion by the court as to the sufficiency of certain facts and evidence "to put defendants on notice that they were dealing with an agent," and that "it was incumbent on them to ascertain the extent of the agent's authority." In giving the instructions now under consideration the court invaded the province of the jury and undertook to decide, as a matter of law, a question to be determined by the jury, as other issues of fact are to be determined. Such error requires a reversal of the judgment refusing a new trial. Civil Code, §4334. Nor was the charge relied on as qualifying and correcting that just held to be erroneous sufficient to remove the injurious effect of such charge, or to withdraw it from the jury.

Other portions of the court's charge were excepted to, but, after a careful consideration of the same, we are of the opinion that they were substantially correct, and are open only to the criticism that the instructions contained in them somewhat inaptly, or, possibly, inaccurately express the proposition of law which the court intended to enunciate for the guidance of the jury.

*Judgment reversed. All the Justices concur.*