1786. HARDY *v.* BOYER *et al.* ·

1. One who signs under seal a promissory note, apparently as maker, can, when sued thereon by the payee, show by parol that he is surety only, and that at the time note was executed, the payee had knowledge of this fact. .

2. The act creating the city court of Thomasville prescribes that "the judge shall have power to hear and determine all civil cases" in which neither party makes demand for a jury trial on or before the first day of the trial term. *Held,* that the judge may in his discretion submit any civil case to a jury, though no demand for a jury trial has been made in the manner pointed out in the act, and even though one or more of the parties may object thereto.

3. In order to give a corporation a lien on shares of stock for claims which the corporation may have against its shareholders, there must be a by-. law or some charter provision creating the lien. "The mere fact that a certificate of stock in a corporation embraced a recital that the same was 'transferable in person or by attorney only on the books of the company on surrender of this certificate' did not ipso facto give the corporation any lien upon such stock."

(a) In view of the issues made by the evidence, and the contentions of the parties, it was reversible error to charge the jury that the corporation had a lien on the stock.

4. In a case where there is a sharp conflict in the evidence as to whether a person who has signed a promissory note apparently as maker is a

surety only, and the judge in his charge assumes that the fact of surety-ship has been proved, the requirement that a new trial shall be granted is mandatory.

Complaint; from city court of Thomasville—Judge McKenzie presiding.     February 22, 1909.

Argued May 19, 1909.—Decided February 25, 1910.

*J. H. Merrill,* for plaintiff.

*W. M. Hammond, S. A. Roddenbery,* for defendants.

RUSSELL, J.  Hardy instituted suit against Boyer and Luke on a promissory note, of which the material parts are as follows: "Six months after date we or either of us promise to pay to the order of Wilson M. Hardy one thousand dollars.  Payable at Thomas-ville, Ga., for value received, with interest after date until paid at 8 per cent. per annum.   .   .   In payment for 10 shares of Times-Enterprise stock, No. 21, attached.  [Signed] F. W. Boyer (Seal), Roscoe Luke (Seal)."  The certificate of stock to which reference is made in the note is as follows: "This is to certify that Wilson N. Hardy is entitled to 10 shares of the capital stock of the Times-Enterprise Publishing Company, transferable only on the books of the company in person or by attorney on surrender of this certifi-cate.   Wilson N. Hardy, president.   J. D. McCartney, Sec'y and Treas."  Across the back of the certificate appears the following en-dorsement: "Wilson N. Hardy.   Nov. 9, 1905.   W. H. Rockwell, Notary Public, Thomas county, Ga."

The defendant Luke filed a plea in which he admitted the execu-tion and ownership of the note, and set up that he signed the note as surety only, and that he had been released by an act of Hardy which had increased his risk and exposed him to greater liability. It was alleged that the note was given for the purchase-price of ten shares of stock in the Thomasville Times-Enterprise, which stock had been sold by Hardy to Boyer; that Luke did not purchase the stock, and had no interest therein, merely signing the note as surety for Boyer, which fact was well known to Hardy; that it was definitely understood and agreed between Luke and Hardy that the latter would have the stock transferred on the books of the com-pany to the name of Boyer, and would have the certificate in Boyer's name attached to the note; and that he had failed to do this, thereby releasing the defendant from his obligation as surety. The plaintiff demurred to this plea, on the ground that it sought

to set up by parol a contemporaneous agreement contradicting the terms of a solemn written contract under seal; that it sought to set up the relation of surety and principal as against the payee, which could not be done, inasmuch as the note on its face was a joint and several obligation, of which Boyer and Luke were makers. The judge overruled the demurrer, and the plaintiff excepted pendente lite. The trial resulted in a verdict for the defendant Luke, and the plaintiff excepts to the overruling of his motion for a new trial.

The several grounds of the motion which assign error on rulings upon demurrers and amendments to the pleadings could not be considered by the trial judge in passing upon the motion for new trial, and can not be considered here. *Mayor &c. of Dublin* v. *Dudley,* 2 *Ga. App.* 762 (59 S. E. 84). These exceptions should have been preserved pendènte lite or made matter of direct exception.

1. The contention that Luke could not by parol set up facts showing that he was surety only is not well taken. It has been many times decided by the Supreme Court and by this court that even where the fact of suretyship does not appear on the face of the note, if in fact one of the persons signing apparently as a joint or several maker is in reality only a surety, he may set this up against the payee by parol evidence. *Buck* v. *Bank of the State of Georgia,* 104 *Ga.* 660 (30 S. E. 872); *Duggan* v. *Monk,* 5 *Ga. App.* 206 (62 S. E. 1017); *Whitley* v. *Hudson,* 114 *Ga.* 669 (40 S. E. 838); *Trammell* v. *Swift Fertilizer Works,* 121 *Ga.* 780 (49 S. E. 739). The court therefore did not err in overruling the demurrer to the plea.

2. The act creating the city court of Thomasville, as amended (Georgia Laws 1907, p. 240), provides: "The judge shall have power to hear and determine all civil cases of which said court has jurisdiction, and to give judgment and execution thereon. Either party in any civil case in said court shall be entitled to trial by jury, provided such party, himself or his attorney, shall file with the clerk of said court, in writing, a demand for trial by jury, prior to the first day of the trial term of such case, or make such demand in open court during the morning session of the first day of the trial term, and have the same entered on the docket by the judge." The plaintiff made no demand for a trial by jury, but when the case was called for trial the judge of his own motion empaneled a jury and submitted the case to them over the plaintiff's objection. The

plaintiff contends that since neither party made a demand for a jury trial in the manner prescribed by the act, the judge had no power of his own motion to submit the case to a jury, and should have heard the case without a jury. In the case of *Thornton* v. *Travelers Ins. Co.,* 116 *Ga.* 121 (42 S. E. 287, 94 Am. St. R. 99), it was held: "A judge of a city court who has, under the act creating the court, 'power and authority to hear and determine all civil cases of which the said court has jurisdiction,' when no demand for a jury is made within a given time, may hear all such cases without a jury; but he is not required to do so, and he may in his discretion submit any civil case to a jury, though no demand for that form of trial may have been made by either party." The language creating the city court of Thomasville does not make it the imperative duty of the judge to try any civil case without a jury. No party is entitled as a matter of right to a jury trial, unless he makes a demand therefor in the manner prescribed by the act; but if the judge sees fit to do so, he can submit any civil case to a jury. In other words, the act does not give either party a right to have his case tried without a jury, unless the judge in his discretion decides to dispense with the jury. In *Green* v. *State,* 6 *Ga. App.* 324 (64 S. E. 1121), holding that the defendant was entitled to insist upon his right to be tried by the judge, we pointed out a distinction between civil and criminal cases, and held that the judge of the city court of Americus had *permissive* power to try civil cases, but was not *required* to exercise the power; and the same is true as to the presiding judge of the city court of Thomasville. The case of *Wadkins* v. *State,* 127 *Ga.* 45 (56 S. E. 74), is distinguishable on the ground that the language creating the city court of Jefferson prescribed in mandatory language that the judge should try all criminal cases without a jury, unless the defendant demanded a jury trial. See also *Central Railroad* v. *Gleason,* 69 *Ga.* 200 (3). The Supreme Court in the *Wadkins* case, supra (basing the ruling upon the same reasons as those pointed out in *Green* v. *State,* supra, and clearly stated in the *Gleason* case), held that where the defendant did not demand a jury trial, he had the right to have his case tried by the judge without a jury, and that it was error for the judge to compel him, over his objection, to be tried by a jury.

3. The undisputed evidence showed that no transfer of the

stock to Boyer had been made on the books of the corporation. Hardy had endorsed the certificate of stock in blank and had attached it to the note, and deposited them in bank, for collection of the note.    No delivery of the certificate of stock, so far as the evidence shows, had ever been made to Boyer.    Luke contended that he had been released by the failure of Hardy to have the stock transferred to Boyer on the books of the corporation.    The judge charged the jury as follows: ."Mere endorsement of the stock certificate is sufficient as between the parties, but not as to the debts which the corporation might have against the party to whom the stock was originally issued.    The corporation has a lien on the stock to the extent of the debt against the holder of the stock as shown by its books."    It is plain that this charge embodied an incorrect statement of the law.    In the case of *Buena Vista Loan & Savings Bank* v. *Grier,* 114 *Ga.* 398 (40 S. E. 284), it was held: "The mere fact that a certificate of stock in a corporation embraced a recital that the same was 'transferable in person or by attorney only on the books of the company on surrender of this certificate' did not ipso facto give to the corporation any lien upon such stock." In order to give a lien to the corporation on its shares of stock for claims which it has against the shareholder, notice of the by-law or charter provision creating the lien must be printed on the face of the certificate.    Unless this is done, an innocent purchaser of the certificate who takes it by endorsement without notice of a claim of the corporation gets an unencumbered title.    *Bank of Culloden* v. *Bank of Forsyth,* 120 *Ga.* 575 (48 S. E. 226) ; *Sylvania Railroad Co.* v. *Hoge,* 129 *Ga.* 742 (59 S. E. 806) ; 10 Cyc. 580.

It is contended, however, that even if this charge is error, Hardy can not complain, inasmuch as the error did not harm him.    We can not say the jury were not misled by the erroneous charge. · One of the main issues in the case was whether or not the risk of Luke had been increased by any act of Hardy.    If the failure of Hardy to have the stock transferred on the books of the corporation left it subject to a lien in favor of the corporation for any claim existing in its favor against Hardy, then the risk of Luke would have been increased, in that his principal's property would be encumbered with a lien.    In other words, Luke contended that he agreed to become surety only on condition that Hardy would have the complete legal title to the shares of stock, with all the incidents of

absolute and unencumbered ownership, vested in Boyer. If by any act of Hardy this complete unencumbered ownership was not vested in Boyer, then Luke would be released as surety. Civil Code, §2972; *Cloud* v. *Scarborough,* 3 *Ga. App.* 7 (59 S. E. 202); *Bunn* v. *Commercial Bank,* 98 *Ga.* 647 (26 S. E. 63), and citations. This would be true even if the blank endorsement of the certificate by Hardy, followed by delivery, would operate to vest the legal title in Boyer. This erroneous charge as to one of the main issues in the case requires the grant of a new trial.

4. According to the evidence in behalf of Hardy, Luke was not a surety, but a joint maker of the note, he being a purchaser of the stock with Boyer. Both Luke and Boyer denied this. Thus a sharp conflict in the testimony arose as to whether Luke was surety. The judge charged the jury: "You will inquire further whether the contract of transfer has been violated, and if you find that it has, to the increase of the liability of Luke as surety, your verdict will be relieving the surety and against Boyer." It is insisted by the plaintiff in error that this charge is erroneous, in assuming that there was "a contract of transfer," and also in assuming that Luke was surety. We think the criticism well taken. Where the evidence creates an issue as to any fact, the judge should not express or intimate any opinion as to whether the fact has or has not been proved. In this instance the judge intimated both that there was a contract of transfer and that Luke was surety. Civil Code, §4334; *Sharpton* v. *State,* 1 *Ga. App.* 542 (57 S. E. 929); *Scott* v. *State,* 4 *Ga. App.* 73 (60 S. E. 803); *Brown* v. *State,* 6 *Ga. App.* 538 (65 S. E. 361); *Garbutt Lumber Co.* v. *Prescott,* 131 *Ga.* 326 (62 S. E. 228). The evidence in the case is very conflicting, and the errors of the judge affecting the main issues involved necessitate a new trial.          *Judgment reversed.*