STATE, Respondent, v. GUFFEY, Appellant.

(166 N. W. 636.)

(File No. 4200.    Opinion filed March 8, 1918.)

1.  Criminal Law—Trial—Defendant's Exception to Charge, Specifications In, Sufficiency.

Where, in a prosecution for larceny, defendant's exception to the charge to the jury referred to its recital of a part of the evidence, for the reason "that such recital * * * is not complete and omits to recite any of the claims or evidence offered on the part of the defendant and calls attention and emphasizes the evidence, claims, and contentions on the part of the state and ignores the evidence of defendant's witnesses," held, that the exception is sufficient to present the question sought to be reviewed.

2.  Same—Larceny—Circumstantial Evidence—Instructions Embodying State's Evidence, Ignoring Defendant's—Reversable Error.

In a criminal prosecution for larceny of horses, the evidence on both sides being wholly circumstantial, an instruction entering minutely into circumstances testified to by state's witnesses, but wholly failing to state or refer to any matters testified to by defendant or his witnesses in rebuttal or explanation of the state's evidence, was prejudicial error, requiring a new trial.

Appeal from Circuit Court, Meade County.    Hon. JOHN F. HUGHES, Judge.

The defendant, Joshua Guffey, was convicted of the crime of larceny, and he appeals.    Reversed.

*Harry P. Atwater,* and *H. M. Lewis,* for Appellant.

*Clarence C. Caldwell,* Attorney General, and *A. P. Schnell,* for Respondent

(1)  To point one of the opinion, Appellant cited:    Code Civ. Proc. Secs. 292, 257.

(2)  To point two of the opinion, Appellant cited:    Brantley v. State, (Ga.) 41 S. E. 695; People v. Murray, (Mich.) 40

N. W. 29; 12 Current Law, p. 80; Blashfield on Instructions, Sec. 109.

Respondent submitted that: In view of the fact that the instructions mentioned in these assignments were not instructions upon facts, but merely in explanation of the purpose and effect of circumstantial evidence, the substantial rights of the defendant were not prejudiced thereby.

SMITH, J. Appellant was convicted of the larceny of seven head of horses, belonging to one Gullikson. At the trial one of the animals was claimed to have been identified and traced to defendant's possession. Certain witnesses for the state testified to having seen defendant driving a bunch of horses resembling the horses stolen, which were delivered to one Rosander, who sold certain horses, not identified as those stolen, to a government horse buyer, who, it is claimed, rejected the one particular animal, a gray mare, on account of its color. The gray mare, while in Rosander's yard, was identified by Gullikson as one of the stolen animals. The accused testified that, about the time stated by the state's witnesses, he was employed by neighbors Hough and Cross, who were horse raisers, to drive a small bunch of horses to Rosander's place; that Rosander was keeping and raising horses on shares for them; that there were one or two gray horses in the bunch, but that the gray mare found at Rosander's was not one of them. In this statement he was corroborated by Cross and other witnesses.

The evidence on behalf of the state is conceded to be wholly circumstantial. The printed abstract of evidence covers some 200 pages, and it is obviously impracticable to state it in detail. The court in its charge recapitulated with much minuteness practically every fact and circumstance testified to by the state's witnesses, stating them to be the circumstantial evidence relied upon by the state to show the guilt of the accused. But the court wholly failed in the charge to state or refer to any of the matters testified to by the defendant or any of his witnesses. After the court had charged the jury, and before they retired, appellant was required to enter his exceptions to the charge, whereupon he entered the following exception:

"The defendant excepts to the instructions of the court wherein it recites a part of the evidence, for the reason that

such recital of the evidence is not complete, and omits to recite any of the claims or evidence offered on the part of the defendant, and calls attention and emphasizes the evidence, claims, and contentions on the part of the state, and ignores the evidence of the defendant's witnesses."

[1, 2] It is insisted by respondent's counsel that this exception is insufficient to point out the particular portion of the charge excepted to. We are of the view that the exception is sufficient to present the question sought to be reviewed. We are also of the view that the statement by the court of facts and circumstances relied upon by the state to secure a conviction, without any statement of the facts and circumstances in evidence relied upon by the accused in rebuttal or explanation of the state's evidence; was prejudicial error which requires a new trial. Waters v. State, 3 Ga. App. 649, 60 S. E. 335, is analogous to the present case, in that the evidence relied upon by the state was wholly circumstantial. The court said:

"The defendant in his statement attempted to explain to the jury his possession of the clothes and the gun. Surely it was not fair for the court to sum up the inferences of guilt which the jury might draw from these circumstances, without at the same time calling the attention of the jury to the explanation of these incriminating circumstances which the defendant had given in his statement. This explanation, if the jury believed it, was entirely consistent with innocence, and, if the court undertook to sum up the circumstances indicating guilt, it surely was incumbent upon the court also to sum up the corresponding circumstances which indicated innocence."

In the case of Scott v. State, 4 Ga. App. 73, 60 S. E. 804, the same court held as stated in the syllabus:

"A summary of all the evidence favorable to the state in a criminal case, and the omission of a like statement of the evidence in behalf of the accused, is unfair to the latter, and is reversible error."

In Hash v. Commonwealth, 88 Va. 172, 13 S. E. 398, that court held as stated in the syllabus:

"A charge which is based upon and recites the evidence for the state is erroneous in failing to recite that of the defense also, and to give an hypothetical alternative instruction based thereon."

The matter of charging the jury in the present case is subject to the same criticism offered to the charge of the trial court in State v. Yates, 99 Minn. 461, 109 N. W. 1070. In Daniel v. State, 115 Ga. 205, 41 S. E. 695, the court said:

"The charge of the court was objectionable, in that it was argumentative, and strenuously pointed out and impressed upon the jury numerous minute circumstances tending to implicate the accused. The theory of the state was repeatedly stated to the jury, with no corresponding statement of the points insisted on in behalf of the defense."

See Baldwin v. State, 120 Ga. 188, 47 S. E. 558; Coman v. Wunderlich, 122 Wis. 138, 99 N. W. 612.

The order and judgment of the trial court are reversed.