## 9595.    GETER *v.* THE STATE.

Failure to instruct the jury on the law as to the punishment for attempts to commit crime, and as to principals in the first and second degrees, does not require a new trial in this case.

The verdict was authorized by the evidence.

DECIDED MAY 1, 1918.

Indictment for making intoxicating liquor; from Harris superior court—Judge Howard. February 1, 1918.

The plaintiff in error was indicted for manufacturing and making alcoholic, spirituous, malt, and intoxicating liquors, and other drinks which if drunk to excess will produce intoxication, to wit, whisky, brandy, rum, gin, wine, ale, and beer. The verdict was guilty, with a recommendation that he be punished as for a mis-

demeanor. The grounds of his motion for a new trial, besides the general grounds, were that the court erred in failing to charge the first paragraph of section 1066 of the Penal Code (1910), and the fifth subdivision thereof as to the punishment of attempts to commit crime, and in failing to charge the law declared in section 42 of the Penal Code, as to principals in the first and second degrees.

From the evidence it appears that the accused was found with a negro at work at a distillery. The sheriff testified: "I found them at work at the distillery when I got there. I could not tell what they were doing when I first saw them—stood and looked at them dipping beer from a barrel and pouring it in a distillery in the kettle. I refer to Mr. Monroe Geter, the defendant on trial. Mr. Geter was toting beer from the fermenter to the distillery and filling it up. There was fire under it. When they discovered my presence the defendant ran. That was a three or four hundred gallon capacity still. I found eighteen or twenty barrels of beer at the still, and the still outfit. That distillery was in process of manufacturing whisky. I did not find any whisky there. The defendant was toting slop from the fermenters, I mean by slop beer. He was toting that from the fermenters and pouring it into the distillery. I didn't see any whisky. Beer, if drunk to excess, will produce intoxication. There was beer in the barrels, and that is what I tasted." The defendant made the following statement at the trial: "These men ain't telling no story on me. They found me there. They found me right there. I was right there, but the reason I was there, I got a large family, and all girls but two. Got nine children and the old lady, and all of them are girls but two, and that is all the way I seed to make a living. The boll weevil has done ruint my crop, and the dry weather hurt my crop, and that was the only way that I seed to make a living right then that I knowed of. If you all will forgive me for that, I won't be back here no more."

Thomas H. Shanks, for plaintiff in error.

C. F. McLaughlin, solicitor-general, contra.

HARWELL, J. (After stating the foregoing facts.)

1. The charge of the court fully and fairly submitted to the jury the issues in the case, and there is no merit in the special grounds of the motion for a new trial which complain that the court erred in not giving in charge certain provisions of the code

as to the punishment of attempts to commit crime, and section 42 of the Penal Code as to principals in the first and second degrees. Failure to charge as to the punishment for an attempt, 'which in this case would reduce the punishment to that of a misdemeanor, could not have harmed the accused; for the punishment actually imposed, under the recommendation of the jury, was that of a misdemeanor.

2. The verdict was authorized by the evidence, and the trial judge did not err in overruling the motion for a new trial. *Justice* v. *State,* 7 *Ga. App.* 43 (65 S. E. 1070); *Strickland* v. *State,* 9 *Ga. App.* 201 (70 S. E. 990); *White* v. *State,* 18 *Ga. App.* 214 (89 S. E. 175); *Cole* v. *State,* 21 *Ga. App.* 49 (93 S. E. 512); *Cason* v. *State,* 21 *Ga. App.* 122 (94 S. E. 268).

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*