*R. F. Duncan,* contra.

## COLEMAN *v.* THE STATE..

No. 10820.  JUNE 13, 1935.

*Earle Norman,* for plaintiff in error.

*M. J. Yeomans, attorney-general, J. Cecil Davis, solicitor-general, B. D. Murphy* and *J. T. Goree, assistant attorneys-general,* contra.

GILBERT, Justice. ■ Will, alias Nunn, Coleman was indicted for the offense of murder. He was tried and convicted, with a recommendation to life imprisonment. He filed a motion for a new trial. Movant complains that the court erred in failing to charge the jury on the law of voluntary manslaughter and the various theories thereof, as follows: (1) The law of voluntary manslaughter applicable to cases of mutual combat. (2) The law of voluntary manslaughter applicable to cases of one who kills because of an unprovoked assault, or an attempt by the person killed to commit a serious personal injury upon the person killing. (3) The law of voluntary manslaughter as applicable to those cases of "other equivalent circumstances," justifying the excitement of passion and excluding all idea of deliberation or malice, either express or implied. A consideration of the evidence as a whole leads to the following conclusions: A finding was authorized that the accused acted without express malice or deliberation or premeditation. On the other hand, the deceased, according to the uncontradicted evidence, entertained bad feelings towards the accused and had uttered threats against him, based on the belief that the accused had reported certain acts of misconduct of the deceased towards their employer. The uncontradicted evidence and the defendant's statement show that the deceased was killed by the accused by being struck on the head with a plow-handle. The accused was riding in a two-horse wagon under instructions from his employer to take a plow to a blacksmith shop for repairs. The deceased, riding a mule, met the accused on the road and began a quarrel, finally calling the accused "a damn liar," and, according to the accused, "jerked out his knife and run to the wagon, and I grabbed the handle off a plow-stock and hit him, and the mules broke and run." A knife, partly open, was found on the ground at the scene of the rencounter. The evidence does not show the distance between the combatants at the moment the accused "grabbed" the plow-handle and struck the blow. From the above

it appears beyond controversy that the accused did not provide himself with the plow-handle in anticipation of the difficulty. The plow-handle was before the jury as evidence, and it was for the jury to determine whether it was a deadly weapon, and whether malice was implied from its use in the manner shown by the evidence that it was used. Taking these facts into consideration, the judgment refusing a new trial is reversed on the ground that the court erred in failing to charge the jury on the law of voluntary manslaughter as applicable where one kills another, without malice, because of an assault or an attempt by the person killed to commit a serious personal injury upon the person killing, or other equivalent circumstances sufficient to justify the excitement of passion and to exclude all idea of deliberation or malice, either express or implied. See, in this connection, *Ray* v. *State,* 15 *Ga.* 223 (6), 244; *Henry* v. *State,* 33 *Ga.* 441 (3). These cases involve a consideration of the offense of involuntary manslaughter; but they are cited here on the question of whether, from a consideration of the weapon used and in the manner in which it was used, a finding is authorized that the accused acted from motives of implied malice as shown by an abandoned or malignant heart, or without malice under such state of facts as would constitute voluntary manslaughter. Compare also *Peterson* v. *State,* 146 *Ga.* 6 (90 S. E. 282). The second special ground of the motion is without merit, and need not be discussed.

■ The second headnote does not require elaboration.

*Judgment reversed. All the Justices concur.*

ATKINSON, J., concurs in the result.