24908. DENNIS *v.* THE STATE.

DECIDED JULY 19, 1935.

*R. C. Jenkins,* for plaintiff in error.
*C. S. Baldwin, solicitor-general,* contra.

GUERRY, J.  Dennis was indicted for the offense of assault with intent to murder.  The jury returned a verdict of guilty of that offense but recommended a misdemeanor punishment, and the judge sentenced him in accordance with the recommendation.

Counsel for the defendant argues first that the evidence does not support the verdict.  Taking the evidence most favorably to the State it appears that on the night of the assault, the defendant and his brother were involved in trouble with Kelly, the prosecutor, and that the defendant told the prosecutor that he "was going to start something my [his] feet couldn't stand."  Subsequently the prosecutor struck the defendant and the defendant cut his overalls with a knife, and also, according to the prosecutor's testimony, "cut me across there."  This occurred on a road.  Prosecutor, after this difficulty, walked on up the road.  Defendant borrowed a gun from Ira Barnes.  A light from an automobile on an adjoining highway flashed across the road, and prosecutor recognized defendant fol-

lowing him with a gun. "I said [the prosecutor] 'All right, Julius, I see you,' and about that time, before I could turn back around, he shot me all up there in the back with a shotgun." The distance between the defendant and the prosecutor at the time of the shooting was estimated by the prosecutor as being about 30 yards. Small shots from the gun penetrated the arm of the prosecutor, and he testified some were still there. Defendant, who was evidently out on bond, went to the jail where Kelly was confined on a criminal charge which occurred after the shooting, and admitted to Kelly that he shot him, and said that if Kelly would "pay for one half of it," he would "take the warrant up."

"'An assault with intent to murder, by using any weapon likely to produce death, shall be punished by imprisonment and labor in the penitentiary for not less than two years nor longer than ten years.' Penal Code (1910), § 97. 'To constitute the offense of assault with intent to murder, there must be made an assault by one person upon another, with a weapon likely to produce death, in the manner used, the assault must be actuated by malice, either express or implied, and made by a person making the assault with the specific intent to kill the person assaulted.' *Reddick* v. *State,* 11 *Ga. App.* 150 (74 S. E. 901). While the intent to kill is not *conclusively* shown by the use of a weapon likely to produce death (*Posey* v. *State,* 22 *Ga. App.* 97, 95 S. E. 325), such intent may be gathered from circumstances (*Lovett* v. *State,* 9 *Ga. App.* 232, 70 S. E. 989), and is a matter for the determination of the jury. *Wimberly* v. *State,* 12 *Ga. App.* 540 (77 S. E. 879)." *Griffin* v. *State,* 50 *Ga. App.* 213 (177 S. E. 5). "Under the indictment it was necessary to prove that the knife with which the assault was made was a weapon likely to produce death. This allegation might have been established by direct proof as to the character of the weapon, by an exhibition of it to the jury, or by evidence as to the nature of the wound, or other evidence such as would warrant the jury to find the instrument was one calculated to produce death. [Citations.] But it is essential to show either by direct or circumstantial evidence that the weapon was of the kind alleged in the indictment." *Paschal* v. *State,* 125 *Ga.* 279 (54 S. E. 172). The evidence showed that at a distance of 30 yards the shots from the gun penetrated the skin and flesh of the defendant. The jury was amply authorized to convict the defendant.

■ · Complaint is made in the motion for a new trial that the venue of the offense was not proved. The prosecutor testified: "He shot me in Putnam County." It is insisted, in view of the fact that there are counties in a number of other States named Putnam, that there is no proof that the crime was committed in Putnam County, Georgia, the situs of the trial. There is no merit in the ground. In *Knox* v. *State,* 114 *Ga.* 272 (40 S. E. 233), it was held: "When in the trial, in the superior court of Franklin County, Georgia, of one charged with the offense of murder, it appeared from the evidence that the accused killed the deceased at the house of the accused on the place of a named person in Franklin County, it was sufficiently shown that the homicide occurred in Franklin County, Georgia; and such evidence excluded any legitimate inference that the offense was committed in Franklin County, North Carolina, though this county may be situated not very far from the county of the same name in Georgia." See also *Mitchum* v. *State,* 11 *Ga.* 615; *Wright* v. *Phillips,* 46 *Ga.* 197; *Walker* v. *State,* 30 *Ga. App.* 275 (117 S. E. 822), all of which are directly in point.

■ Complaint is further made that the court erred in failing to charge on the offense of shooting at another, inasmuch as this offense is embraced in the charge of assault with intent to murder and under the facts of the case the jury were authorized to find that there was no specific intent to kill. While it may be true that the court erred in failing to charge on the offense of shooting at another, yet since the jury found the defendant guilty of assault with intent to murder and recommended a misdemeanor sentence, and the judge sentenced the defendant in accordance with the recommendation, the failure to so charge must necessarily be harmless, and affords no ground for a new trial. See, in this connection, *Geter* v. *State,* 22 *Ga. App.* 264 (95 S. E. 877); *Lee* v. *State,* 35 *Ga. App.* 235 (133 S. E. 281); *Perry* v. *State,* 25 *Ga. App.* 481 (103 S. E. 719).

The court did not err in overruling the motion for a new trial.
*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*