### 26549. GODWIN *v.* THE STATE.

DECIDED JANUARY 5, 1938.

R. J. Bacon, for plaintiff in error.

Carl E. Crow, solicitor-general, contra.

GUERRY, J. The defendant was jointly indicted with Albert Cliatt for the offense of hog-stealing. Cliatt entered a plea of guilty, and testified for the State. The jury found the defendant guilty, and he excepted to the overruling of his motion for new trial.

■ There is no merit in the assignment of error that there was not sufficient evidence to establish the venue of the offense. The prosecutor testified: "I lost the hog in Mitchell County." This was sufficient evidence to authorize the jury to find that the hogs were stolen in Mitchell County, the county of the trial. The fact that the prosecutor testified that he last saw the hogs, before they disappeared, in a field of the defendant which adjoined his farm and about one-fourth of a mile from his house, did not tend in any degree to contradict his testimony that he lost the hogs in Mitchell County. He was not cross-examined as to how he knew that he lost the hog in Mitchell County; and in the absence of other evi-

dence to show that this was purely a conclusion of the witness without any facts to support it, the jury were authorized to take the statement as true. *Battle* v. *State,* 54 *Ga. App.* 201 (187 S. E. 610), seems to be directly in point. In that case the prosecutor testified merely that he "missed the hog in Lee County." The court held that this evidence was sufficient to establish the venue of the crime in Lee County. See also *Anderson* v. *State, 50 Ga. App.* 182 (177 S. E. 526), and cit.

■ The judge charged the jury, in part, as follows: "Although a person may have been present at or near the scene of the crime, yet if he did not in any way aid, abet, procure, or participate in it, he would not be an accomplice. If, on the other hand, he was present at or near the scene of the crime, if you find there was a crime, and did in some way aid, abet, procure, and participate in it, he would be an accomplice." In excepting to this charge, counsel for the defendant has no fault to·find with it as an abstract proposition of law, but contends that it in effect submitted to the jury the question whether Cliatt was an accomplice, and further confused them as to whether Cliatt, though an admitted thief, came within the definition of an accomplice. There is absolutely no merit to the exception. Furthermore, since the evidence demanded a finding that Cliatt was an accomplice of the defendant, and since there was sufficient evidence aside from Cliatt's testimony to connect the defendant with the crime, such an error (if any) could not be so harmful to the defendant as to require the grant of a new trial. The evidence supported the verdict, and the judge did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*