### 28094. VARNUM *v.* THE STATE.

DECIDED FEBRUARY 10, 1940.

*Ellis & Ellis,* for plaintiff in error.
*E. L. Forrester, solicitor-general,* contra.

BROYLES, C. J. 1. The defendant was convicted of an assault with intent to murder. The jury were instructed on the law of that offense and on the law of assault and battery, but the judge (as shown by his order approving the grounds of the motion for new trial) inadvertently failed to instruct the jury that if they found the defendant guilty of an assault with intent to murder they could recommend if they saw fit that he be punished as for a misdemeanor. The failure to so charge was error, but not reversible error since it appears from the record that the judge on his own motion punished the defendant as for a misdemeanor. In each of the cases cited for the plaintiff in error, where it was held that such a failure to charge was reversible error, the defendant was punished *as for a felony*. In those cases the defendants were deprived of the valuable and substantial right to have the jury, if they saw fit, recommend to the court that the defendants be punished as for a misdemeanor, for the reason that the court, if it saw fit, could impose a misdemeanor sentence. But in the instant case, since a misdemeanor sentence was imposed, the defendant lost nothing. If the court had properly instructed the jury, and if they had recommended a misdemeanor punishment, the court could have ignored the recommendation and imposed a felony sentence, or he could have accepted the recommendation and given the defendant a misdemeanor sentence. And since a misdemeanor sentence was imposed the defendant has no cause to complain. See *Oliver* v. *Lowry,* 173 *Ga.* 892 (161 S. E. 828) ; *Lee* v. *State,* 35 *Ga. App.* 235 (133 S. E. 281) ; *Mitchell* v. *State,* 34 *Ga. App.* 505 (130 S. E. 355) ; *Geler* v. *State,* 22 *Ga. App.* 264, 266 (95 S. E. 877) ; *Cook* v. *State,* 43 *Ga. App.* 91, 92 (158 S. E. 446) ; *Hollis* v. *State,* 48 *Ga. App.* 672 (173 S. E. 179), and cit.

2. Special ground 2 of the motion for new trial is not argued or insisted on in the brief for the plaintiff in error, and therefore it is treated as abandoned.

3. The verdict was authorized by the evidence, and the refusal to grant a new trial was not error.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*