## 29024. GREEN v. THE STATE.

DECIDED SEPTEMBER 11, 1941.

*C. G. Battle,* for plaintiff in error.

*John A. Boykin, solicitor-general, E. E. Andrews, D. T. Pye,* contra.

GARDNER, J. 1. The defendant was convicted of the offense of sodomy. He assigns error on the overruling of his motion for new trial. It is not necessary to relate the gruesome testimony. Suffice it to say that the arresting officer testified particularly that he saw the defendant in the act. Another officer stated that shortly after the arrest the accomplice, in the presence of the accused, confessed the crime. In addition to this, during the progress of the trial the question arose as to whether the arresting officer could have seen the participants in the crime from the viewpoint to which he testified. With the consent of both parties the judge permitted the jury to visit the scene. After the return of the jury the trial was resumed. During the recess a witness tested the possibility of vision. His testimony corroborated that of the arresting officer to the extent that, with difficulty, visibility was possible from the position testified to by the officer to where he contended the accused was seen in the act. The jury accepted this evidence as the truth of the case, notwithstanding the statement and evidence offered by the defendant. The evidence was sufficient to sustain the verdict. This disposes of the general grounds of the motion and special ground 1, which is an enlargement of the general grounds. We will next deal with the other grounds of the amended motion, in their order.

2. Ground 2 challenges the legal sufficiency of the evidence to prove the venue. The evidence as to this fact was as follows: "I saw him [the defendant] at the city auditorium in Atlanta. He was inside the auditorium in the men's rest room. . . They were in Fulton County at the time." Further, as to this ground, the judge certified that this testimony was given immediately following the description by the witnesses of the offense charged in the indictment. Under many decisions of this and the Supreme Court, this evidence was sufficient to show venue. *Williams* v. *State,* 105 *Ga.* 606 (3), 608 (31 S. E. 546); *Dennis* v. *State,* 51 *Ga. App.* 538 (2) (180 S. E. 909); *Miles* v. *State,* 182 *Ga.* 75 (5), 78 (185 S. E. 286); *Godwin* v. *State,* 57 *Ga. App.* 161 (194 S. E. 835). We quote from *Godwin* v. *State,* supra: "The only evidence in the record upon the subject of venue was that of the prosecutor, that 'I lost the hog in Mitchell County.' This was sufficient to

establish the venue in Mitchell County." This ground is without merit.

3. Ground 3 complains that the court erred in permitting the solicitor-general to propound a stated question and the witness officer to answer that the officer was not required to report, and did not report, to a superior officer before or after arrests, but that he was required to make, and did make, a written report to the station house. Concerning this ground the judge certified that the defense counsel on cross-examination at two different times quizzed the witness about whether or not he made any report. For this reason he permitted the State's attorney to go into the issue on redirect examination. There is no merit in this ground.

4. Ground 4 assigns error because the court permitted A. C. Bryant, the arresting officer, to testify that he had tried to obtain the presence of officer Byrd who had assisted the witness in the arrest. As to this ground the judge certified that at the time the witness gave this testimony Byrd was not in attendance on the court, but before the trial was completed he arrived and testified. This ground is without merit. The absence of a witness may be explained. *Dunham* v. *State,* 8 *Ga. App.* 668 (2) (70 S. E. 111).

5. Ground 5 assigns error because the judge failed to charge as to the defendant's contentions. We have carefully read the evidence and the charge, as well as the cases cited by counsel for the plaintiff in error, to wit, *Robinson* v. *State,* 77 *Ga.* 101; *Walker* v. *State,* 122 *Ga.* 747 (50 S. E. 994); *Peterson* v. *State,* 146 *Ga.* 6 (90 S. E. 282); *Rouse* v. *State,* 2 *Ga. App.* 184 (58 S. E. 416); *Scott* v. *State,* 4 *Ga. App.* 73 (60 S. E. 803); *Coleman* v. *State,* 180 *Ga.* 731 (180 S. E. 603), and civil cases and other cases not cited. In the instant case there was for determination only the general issue of guilty or not guilty of sodomy; whereas in the cases cited the facts involved questions of agency, manslaughter or murder, summary of contentions of one side and not of the other, and similar questions. We have found no case which would require a reversal on such general issue of guilty or not guilty of a specific offense where the general rules of law applicable to the trial and the specific offense were given as they were in this case, and which was reversed because the court failed to summarize in detail the evidence as to the defendant's contentions. It is not here contended that the judge erroneously charged, or failed to charge, any

principle of law applicable to the general questions, but that he failed to charge in more detail as to the contentions of the defendant as shown by the evidence. In the absence of a timely appropriate written request it was not error to so fail to charge. *Adams* v. *State,* 171 *Ga.* 90 (2) (154 S. E. 700); *Bates* v. *State,* 18 *Ga. App.* 718 (9) (90 S. E. 481). Under the record in this case there is no merit in the contentions set out in this ground.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*