## 30844. BRIDGES *v.* THE STATE.

DECIDED APRIL 19, 1945.

Howard, Camp & Tiller, for plaintiff in error.

Hope D. Stark, solicitor-general, W. L. Nix, R. F. Duncan, contra.

GARDNER, J. ■ The defendant was convicted of cattle stealing. The evidence, while conflicting as between the State and the defendant, authorized the jury to find the defendant guilty. The evidence is to the effect that he and three others entered into a conspiracy to steal the animal described in the indictment. The defendant and another of the conspirators, according to the plan, were to haul the animal to Buford, Georgia, after it had been killed and dressed in the pasture of the owner. In furtherance of the conspiracy, two of the conspirators went to the pasture, shot the animal, dragged it a short distance from where it was shot, and began butchering it. A third person came nearby whistling. This frightened the two conspirators, who were in the pasture, and they left. Shortly thereafter they informed the defendant and the other conspirator as to what had happened. The defendant and the other conspirator, who were to go for the animal in an automobile, became "scared" to pursue the scheme further. The evidence shows that the defendant here described the animal to be stolen and directed where it would be located.

A few days afterwards the animal was found in the owner's pasture mutilated and decaying, having been shot, dragged a short distance, and cut with a view of dressing it. This evidence appears from the two conspirators who went to the pasture and

killed the animal. The defendant denied any part of it. He attempted to prove an alibi. The jury found against him. The evidence authorized the jury to find him an accessory before the fact, under the Code, § 26-602. It is argued by counsel for the plaintiff in error that since the evidence shows that the accused did not participate in the actual killing of the animal, and since the two who went to the pasture did not accomplish their purpose but were frightened away, the evidence is insufficient to convict this defendant. With this contention we can not agree. Under the evidence the crime was complete when the animal was killed and moved and partly butchered. The act of the two conspirators who did this was the act of the accused in the instant case because such act was within the scope of the conspiracy, and during its pendency. *Danzley* v. *State,* 25 *Ga. App.* 170 (11) (102 S. E. 915). See also *Welch* v. *State,* 49 *Ga. App.* 380 (175 S. E. 598). The assignments of error on the general grounds are without merit.

■ There is one special ground which assigns error because the venue was not proved. The venue was laid in Gwinnett County. The owner testified that the animal was in his pasture the last time he saw it alive, and that the pasture was located "right about the waterworks here in Lawrenceville." He further testified that when he next saw the animal it was dead in the pasture; that it had been missing for several days. The owner reported the matter to the chief of police of Lawrenceville. He went with the police to the scene. After observing the animal, the owner and the police left. The questions and answers upon which the contest as to venue is made here, are as follows: "Q. I believe you reported that to the chief of police? A. Yes. Q. Did you or not go back down to the scene with the police? A. Yes. Q. After that was done did you leave the calf where it was, or did you move it? A. We left it. Q. Just tell us what the next steps were that were taken, if any—did the police examine the cow there to see the condition it was in? A. Yes, and the police said they would look after it, and they went to trying to find out some evidence about it. Q. Were you present—did you ever have a conversation with the defendant about it? A. No. Q. What county was that in, Mr. Harris? A. Gwinnett County."

It is contended by the movant that the phrase "that was in Gwinnett County" relates to the conversation with the policeman; and not to the place at which the crime was committed. Under all the evidence, we think this testimony sufficiently proved the venue. While it is true that venue must be proved beyond a reasonable doubt, just as any other material fact, we feel that a fair construction of this evidence leads inevitably to the conclusion that the phrase "that was in Gwinnett County" had relation to the scene of the crime rather than to the place of the conversation. Moreover, it would seem that the place of the conversation and the place of the crime were approximately one and the same place. It must be kept in mind that there was no conflict in the evidence as to the venue. *Baker* v. *State*, 55 *Ga. App.* 159 (189 S. E. 364); *Godwin* v. *State*, 57 *Ga. App.* 161 (194 S. E. 835); *Attaway* v. *State*, 64 *Ga. App.* 319 (13 S. E. 2d, 99); *Green* v. *State*, 65 *Ga. App.* 754 (16 S. E. 2d, 438); *Wardlaw* v. *State*, 66 *Ga. App.* 575 (4) (18 S. E. 2d, 571). This ground is without merit.

The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*