JOHNSON *v.* THE STATE.

85  561
115  226

1. The absence of a witness, though the accused wishes to show and desires to prove material facts by him, and objects to going to trial without him, is not cause for postponing the trial where no motion or showing is made for a continuance.

2. Where some of the evidence of a witness is relevant, the part objected to as irrelevant should be set forth in the motion for a new trial. None of any consequence is shown by the brief which is without some slight relevancy.

v 85-36

3. No abuse of discretion appears in reopening the case for the reception of more testimony.

4. The newly discovered evidence being negative in its nature, would not overcome the affirmative evidence to which it is seemingly opposed.

June 2, 1890.

Murder.  Criminal  law.  Continuance.  Practice. Evidence.  New trial.  Before Judge BOWER.  Mitchell superior court.  November term, 1889.

Reported in the decision.

J. H. SCAIFE and C. R. TWITTY, by HARRISON & PEE-PLES, for plaintiff in error.

C. ANDERSON, attorney-general, and W. N. SPENCE, solicitor-general, by D. H. POPE, *contra*.

BLECKLEY, Chief Justice.

According to the evidence in the record, the facts made a clear case of murder if the prisoner did the fatal shooting; and there was abundant evidence, besides his own admission, that he did.  This is enough to say touching the general grounds of the motion for a new trial.  And we fail to find cause for a new trial in any of the special grounds.  These we shall examine briefly, but at sufficient length to dispose of each of them correctly.

1. It is complained that "the court ruled the case to trial, over objection of defendant's counsel," after a certain witness, whose name is not given and who had not been subpœnaed, had been sent for and could not be found.  What the accused "wished to show"—what he "desired to prove" by this witness, was stated to the court; but it was not stated that the accused *expected* to prove by him anything whatever; nor was any motion or showing for a continuance made in order to gain time and opportunity for procuring the attendance of this witness at a subsequent term of the court. Under these circumstances, there can be no doubt that ruling the case to trial was not erroneous.

2. "That part of the testimony of witness Dennard relating to one Dave Dixon" is complained of as illegally admitted because irrelevant. But that part of the testimony is not set out in the motion for a new trial, and we are under no duty to grope through the brief of evidence to cull out the irrelevant from the relevant. In reading and studying the brief in this case, however, we discovered nothing in the testimony of the witness Dennard of any consequence that did not have some relevancy to the issue on trial, though the relevancy of some of it was rather faint and remote.

3. That it is within the discretion of the presiding judge to allow a case to be reopened for the admission of additional evidence has been so often ruled that we despair of making it more manifest. Nothing appears in this case to take it out of the general rule.

4. There was direct affirmative evidence at the trial that the accused fired the shot that did the killing. It is proposed to negative this by a witness discovered since the trial, not by showing he knows who did fire that shot, but by showing by him that the accused did not fire it. We think this newly discovered evidence ought not, and would not, produce a different verdict if a new trial were had. It is wholly of a negative nature, and in its final analysis amounts to nothing more than that this new witness did not see what the other witnesses did see, and what the accused himself admitted. Besides, there is no voucher in the record for the credibility of the new witness, and that being so, this court would hesitate to overrule the trial judge upon the newly discovered evidence, even were the evidence of a more important character and better calculated to influence a jury.         *Judgment affirmed.*