2793.  DUNHAM *v.* THE STATE.

RUSSELL, J.  1. The trial judge having previously called the attention of the jury, during the course of the trial, to the fact that the wife was not a competent witness in the case then pending, and could not testify in behalf of her husband, and having instructed the jury that the fact that the defendant did not offer his wife as a witness could not be counted against him, it was not error thereafter to omit to charge the jury that the husband or the wife would not be competent to give evidence in any criminal proceeding for or against each other, and that in this case the wife of the defendant was not a competent witness to give evidence for or against him.

2. It was the defendant's right to show to the jury that he had produced all the witnesses accessible to him and within his power and control, and for that reason he could, properly have shown that his children present at the time of the difficulty were of such tender age as not to be able to testify; but inasmuch as his counsel did not state to the court what answer he anticipated to the questions which were objected to, nor inform the court of the purpose of the testimony repelled, or to what further testimony it was expected that it would lead, it was not error to decline to allow the witness to answer as to the number and ages of the defendant's children.

3. Even though the defendant's wife was not a competent witness, the statement attributed to her was admissible both as a part of the res gestæ of the difficulty and because, having been alleged to have been made in the defendant's presence, it was such a statement as might have required a denial on his part.  According to the testimony objected to, the defendant's wife said to the prosecutor in the defendant's presence, "Jim, go on home; Lymus [the defendant] is trying to kill you with a gun."

4. The evidence authorized an inference that there was a mutual intent to fight; hence, it was not error to instruct the jury upon the law applicable to that phase of the case.

5. The discretion of the trial judge as regards the sentence imposed, in a case in which the jury finds the defendant guilty but recommends that he be punished as for a misdemeanor, and whether he shall act upon such recommendation or disregard it, is not reviewable.

6. The jury in a criminal case are the judges of the law as well as of the facts.  The only law, however, of which the jury in any case are judges is that given them in charge by the court; and it was not error to instruct the jury to that effect.                    *Judgment affirmed.*

DECIDED JANUARY 31, 1911.

Indictment for assault to murder; from Miller superior court— Judge Worrill.  June 17, 1910.

*W. I. Geer,* for plaintiff in error.

*J. A. Laing, solicitor-general, R. R. Arnold,* contra.