## RUFFIN v. THE STATE.

An application for an order directing the clerk of the superior court of J. county to transmit to the superior court of C. county an indictment for murder, returned in J. county, in order that appropriate action thereon might be taken in C. county, and that meanwhile the applicant be remanded to the custody of the sheriff of C. county, made a case involving change of venue; and under the constitutional amendment of 1916, relating to jurisdiction of the Supreme Court and the Court of Appeals, a writ of error from denial of such application was returnable to the Court of Appeals.

No. 2593. JULY 15, 1921.

Petition to transfer indictment, etc.   Before Judge Meldrim. Chatham superior court.   March 26, 1921.

*Archibald Blackshear* and *Lawrence & Abrahams,* for plaintiff.

*A. S. Anderson, solicitor-general,* for the State.

HILL, J.   This case came on to be heard in Chatham superior court, on the petition of Joe Ruffin praying that the clerk of the superior court of Jenkins county be directed to transmit to the superior court of Chatham county an indictment found by the grand jury of Jenkins county on March 15, 1921, charging the petitioner with the offense of murder, in order that appropriate action might be had on the indictment by the superior court of Chatham county, and that pending consideration of the petition the petitioner be remanded to the custody of the sheriff of Chatham county.   It was alleged in the petition, that the petitioner had been indicted by the grand jury of Jenkins county on March 15, 1921, for the murder of one Edmund Scott in said county on April 13, 1919; that the indictment so found charged the petitioner with the same criminal act as that charged against him in two previous indictments found by the grand jury of Jenkins county at the September term, 1919, on which indictments he had been fully acquitted upon his trial in the superior court of Chatham county (a change of venue from Jenkins county to Chatham county having been granted), and that, by reason of the acquittal on the two previous indictments which involved the same transaction as charged by the indictment found on March 15, 1921, Jenkins superior court had no jurisdiction to try him upon the last indictment, but that the superior court of Chatham county did have jurisdiction.   Upon consideration of the petition the judge of the superior court of Chatham county rendered the following judgment:   " I am of opinion that I have no power or jurisdiction to pass on the issues involved; the power or jurisdiction being vested in the superior court of Jenkins county and the judge thereof.   Order is denied." To this judgment the petitioner excepted.

Properly construed this is a case involving a change of venue, of which class of cases, since the constitutional amendment of 1916 (Acts 1916, p. 19), the Court of Appeals, and not this court, has jurisdiction.   *Scoggins* v. *State,* 24 *Ga. App.* 677, 678 (102 S. E. 39).   No constitutional or other question is raised by the record

which would confer jurisdiction on the Supreme Court; and it is therefore transferred to the Court of Appeals.

*All the Justices concur.*