### 24895. ARKWRIGHT v. SMITH, Warden, et al.

DUCKWORTH, Chief Justice. 1. Witherspoon v. Illinois, 391 U. S. 510 (88 SC 1770, 20 LE2d 776), holds that "a sentence of death cannot be carried out if the jury that imposed or recommended it was chosen by excluding veniremen for cause simply because they voiced general objections to the death penalty or expressed conscientious or religious scruples against its infliction," and the Supreme Court specifically made its decision "fully retroactive" in application. The record on this habeas corpus hearing shows that veniremen were excluded for the reason that they were opposed to capital punishment and the Georgia law (*Code* § 59-806 (4)) was followed by excluding such jurors. Accordingly, the lower court erred in not ordering a new trial as to the sentence in accordance with the Witherspoon case. See *Miller v. State,* 224 Ga. 627 (163 SE2d 730). The case is returned with direction to the lower court to remand the prisoner to the court where he was tried for a new trial as to the sentence only.

2. While, as stated by the lower court in its finding of fact that there was no challenge to the array at the time of trial, citing *Buxton v. Brown,* 222 Ga. 564 (150 SE2d 636), and that this question was waived, we have examined the evidence before the lower court and find no evidence demanding a release of the prisoner because the evidence demands a finding that members of the Negro race were systematically and arbitrarily limited in number in the selection of the grand jury

that indicted him and in the traverse jury which convicted him. Further, the argument that Georgia exempts certain classes of persons from jury duty does not create such an imbalance of jurors as to deny the defendant a fair trial. The exemptions established by *Code Ann.* § 59-112 (Ga. L. 1953, Nov. Sess., pp. 284, 286; Ga. L. 1953, Nov. Sess., p. 328; Ga. L. 1967, p. 725) are not absolute but are a personal privilege, and it has not been established that any such persons made such requests in this case. See *Dickens v. State*, 137 Ga. 523 (73 SE 826); *Carter v. State*, 143 Ga. 632 (85 SE 884); Rawlins v. Georgia, 201 U. S. 638 (26 SC 560, 50 LE 899). There exists a presumption in favor of the validity of an unreversed judgment, and the burden of overcoming and removing the presumption is on the prisoner. *Broome v. Matthews*, 223 Ga. 92 (153 SE2d 721). The record fails to show such an imbalance, racially, economically or intellectually, as to void the jury in this case. Both Jones v. Georgia, 389 U. S. 24 (88 SC 4, 19 LE2d 25), and Whitus v. Georgia, 385 U. S. 545 (87 SC 643, 17 LE2d 599), differ on their facts from this case.

3. While it is fundamental that no jury should be allowed to disperse before they render the verdict (*Buttersworth v. State*, 200 Ga. 13 (1) (36 SE2d 301)), nevertheless, there is no requirement that the jury should remain assembled together until the rendition of the judgment of the court. This ruling was partly decided against the contentions of the applicant on the first appearance. *Arkwright v. State*, 223 Ga. 768 (4), supra.

4. In answer to a query as to the number of charges against the accused, made to the court, upon the request of the defendant's counsel at the time of the trial, the solicitor stated he had three charges of rape and one of robbery. Whether or not the answer was inflammatory, prejudicial, improper, and might tend to put the defendant's character in issue, it was invited by counsel who requested this information and who did not then object, and the applicant cannot now insist that it was done to prejudice the jury against him.

5. Having reviewed every complaint made and argued in counsel's brief (see Rule 16 (3)), we find no merit in any of them, except as stated in the first headnote.

*Judgment reversed with direction. All the Justices concur.*

ARGUED OCTOBER 14, 1968—DECIDED NOVEMBER 8, 1968.

*Aaron Kravitch, E. H. Gadsden, Bobby Hill,* for appellant.
*Cohen Anderson, J. Max Cheney,* Solicitors General, *Arthur K. Bolton,* Attorney General, *Marion O. Gordon,* Assistant Attorney General, *Courtney Wilder Stanton,* for appellee.