25202. ALEXANDER v. THE STATE.

SUBMITTED MAY 13, 1969—DECIDED JUNE 12, 1969.

*Lionel E. Drew, Aaron Kravitch,* for appellant.

*Andrew J. Ryan, Jr., District Attorney, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, Assistant Attorney General, Larry H. Evans,* for appellee.

NICHOLS, Justice. ■ The sole stipulation with reference to testimony on a previous trial being used in determining the challenge to the array was that the witnesses and the evidence adduced would be the same. There was no stipulation that the objections made by the attorneys trying the first case and rulings of the court there made would apply on the second trial. In *Mobley v. Baxter & Co.,* 143 Ga. 565 (85 SE 859, it was held that a stipulation that interrogatories might be used rather than calling the witness to testify would not waive the right to object to conclusions included therein. On the trial of the present case, there were no objections made to any testimony included or excluded on the trial where the evidence was adduced, and the stipulation did not include an agreement that the objections made and the rulings of the trial court would be the same. Thus, the enumerations of error complaining of rulings made by the trial court on another trial in response to objections by a different attorney are not questions to be decided in this case.

■ While it is contended in the appellant's brief that the ruling of the trial court overruling the defendant's challenge

to the array was erroneous, yet since there is no enumeration of error complaining of such ruling, the contentions in the appellant's brief present no question for decision by this court. See Rule 14 of this court (221 Ga. 884).

■ The appellant enumerates as error the exclusion of those jurors from service who responded in the affirmative when asked if they were conscientiously opposed to capital punishment. Under the decisions in Witherspoon v. Illinois, 391 U. S. 510 (88 SC 1770, 20 LE2d 776); *Miller v. State,* 224 Ga. 627 (163 SE2d 730); *Jones v. State,* 224 Ga. 782 (164 SE2d 831), and similar cases, the death sentence in this case must be reversed with direction that the trial court impanel a jury selected as in a capital case for the submission to it of the question of the punishment to be imposed upon the defendant for the crime of murder.

■ The sole remaining enumerations of error argued in the appellant's brief deal with the refusal to suppress evidence (a pistol) taken from the defendant's person at the time he was arrested. There was expert testimony that the fatal shot was fired by that pistol.

The deceased went to a confectionery on a Sunday morning after he had attended church. There the encounter took place which resulted in his death. The police were called and a radio alert was sent to police in patrol cars informing them of the occurrence and to be on the lookout for a Negro youth wearing a yellow shirt. As a result of such radio broadcast, the defendant, wearing a yellow shirt, was stopped a short distance from the confectionery by an officer in a patrol car for questioning. While he was being questioned, a second patrol car arrived and the officer in this car, seeing the defendant from a different angle, saw a bulge under his shirt. He immediately "frisked" the defendant and the pistol was taken from his person. Under such circumstances, the pistol was not illegally obtained so as to require its suppression from evidence. See Terry v. Ohio, 392 U. S. 1, supra.

■ While the sufficiency of the evidence to authorize the verdict is raised by other enumerations of error, such question is

treated as abandoned inasmuch as the same is not argued by the appellant.

*Judgment affirmed in part; reversed in part with direction. All the Justices concur.*