### 25259. SUGGS v. THE STATE.

Felton, Justice. 1. Where all the veniremen stated that they were not opposed to capital punishment, none was automatically excluded from the jury for cause based upon conscientious scruples or opposition to capital punishment, as prohibited by Witherspoon v. Illinois, 391 U. S. 510 (88 SC 1770, 20 LE2d 776). There is no merit in the enumeration

based upon error in asking the veniremen such a question. *Alexander v. State,* 225 Ga. 358 (168 SE2d 315).

2. In the cross examination of a witness as to isolated instances in which he saw the accused do violent acts, in which cross examination counsel sought to elicit answers showing the witness's opinion that he was insane, the District Attorney objected that the cursing used by the accused was irrelevant, foreign and immaterial to the charge of murder. Where the court, after sustaining the objection, stated in further discussion to counsel that he might ask questions based upon actual knowledge of the violent acts of the accused and, based upon the same, whether he considered, in his opinion, the defendant to be sane or insane, it is not apparent from the record that the court prevented a thorough and sifting cross examination of this witness. There is no merit in this enumerated error.

3. The court did not err in denying the motion for mistrial based upon the objection to the inflammatory statements of the special prosecutor, since the court admonished counsel not to make such statements and to "be careful about your remarks," and instructed the jury that "the guilt or innocence of the defendant" was a determination for them and not for the special prosecutor. Furthermore, the motion was not thereafter renewed. See *Kendrick v. Kendrick,* 218 Ga. 460, 462 (128 SE2d 496) and *Curtis v. State,* 224 Ga. 870 (8) (165 SE2d 150).

4. While there was ample evidence to show the defendant's possible insanity and compulsion to do murder, nevertheless, the jury determines the guilt or innocence of the accused, and this court cannot reverse the judgment which is based on evidence.

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 14, 1969—DECIDED SEPTEMBER 29, 1969.

*L. H. Hilton,* for appellant.

*J. Lane Johnston, District Attorney, Cohen Anderson, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, Mathew Robins, Assistant Attorneys General,* for appellee.