## 25584. WILLIAMS v. THE STATE.

UNDERCOFLER, Justice. This is the third appearance of this case in this court. After his conviction of rape and the imposition of the death sentence, the appellant filed his appeal in this court and the judgment of the trial court was affirmed. *Williams v. State,* 223 Ga. 773 (158 SE2d 373). Subsequently, in a habeas corpus proceeding appealed to this court, the appellant complained of the exclusion of trial jurors who stated that they were opposed to capital punishment (*Code* § 59-806 (4)). In view of Witherspoon v. Illinois, 391 U. S. 510 (88 SC 1770, 20 LE2d 776), we remanded the appellant to the trial court for a new trial on the question of sentence only. *Williams v. Smith,* 224 Ga. 800 (164 SE2d 798). Thereafter, the appellant was tried before a judge and a jury for the purpose of determining his sentence only. The jury returned a verdict and again imposed the death sentence. The verdict was made the judgment of the

court and, after denial of a motion for new trial, he appeals to this court. *Held:*

1. The appellant contends that the court erroneously charged the jury on the law of alibi and that such charge violated his rights to due process and equal protection of the laws under the Constitutions of the State of Georgia (Art. I, Sec. I, Pars. II and III; *Code Ann.* §§ 2-102, 2-103) and of the United States (Fourteenth Amendment, *Code* § 1-815).

The trial which we are now reviewing did not involve the issue of guilt or innocence. The appellant's guilt had been determined previously by a former jury. See *Williams v. State,* 223 Ga. 773, supra. The only issue which the jury in this trial had before it, as clearly charged by the trial court, was whether or not his alibi, considered with the other evidence introduced, would mitigate his sentence. The charge on alibi correctly stated the Georgia law and considering the charge as a whole does not require a reversal of the judgment. *Young v. State,* 225 Ga. 255 (3) (167 SE2d 586); *Chaffin v. State,* 225 Ga. 602 (170 SE2d 426). There is no merit in this contention of the appellant.

2. The appellant contends that the trial court erred in overruling his motion for new trial because the court charged the jury that the question of fixing punishment was entirely for its consideration without setting forth any standards to govern the jury in making its determination of the sentence. Thus it gave the jury unfettered, arbitrary and lawless discretion in violation of the appellant's rights to due process and equal protection of the laws under the Constitutions of the State of Georgia (Art. I, Sec. I, Pars. II and III; *Code Ann.* §§ 2-102, 2-103) and of the United States (Fourteenth Amendment, *Code* § 1-815).

The charge by the court was based upon *Code Ann.* § 26-1302 (effective at the time of the guilty verdict, but now repealed, see *Code Ann.* § 26-2001 for new section). In *Sims v. Balkcom,* 220 Ga. 7, 12 (136 SE2d 766), this court held the statute fixing the punishment for rape was constitutional as against the attack that it furnished no standards to govern the jury in making its determination of the sentence. In the *Sims* case we held: "Lawyers experienced in court procedures know that often where guilt is proven mitigating circumstances call for lessening of the punishment, and the jury who hears the evidence can better than anyone else

properly weigh such matters." The constitutionality of a similar statute fixing the punishment for murder was challenged on the same basis in *Chatterton v. Dutton*, 223 Ga. 243 (154 SE2d 213), cert. den. 389 U. S. 914 (88 SC 247, 19 LE2d 266). See also *Massey v. Smith*, 224 Ga. 721 (4) (164 SE2d 786). It follows that the charge of the court based on *Code Ann.* § 26-1302 is not subject to this attack.

3. The appellant contends "that the sentence of the court fixing the punishment of the appellant at death is illegal and unconstitutional, on the grounds that said sentence violates the Eighth Amendment, United States Constitution [*Code* § 1-808] applicable to the State of Georgia through the Fourteenth Amendment, United States Constitution [*Code* § 1-815], in that there were no standards to guide the judge and jury, there were no adequate procedures of the State of Georgia to determine in what instances a death penalty is justifiable, and that the imposition of the death penalty inflicts the loss of life without commensurate justification in violation of appellant's right to due process and equal protection under the Fourteenth Amendment, United States Constitution [*Code* § 1-815]."

The appellant argues that the decisions of this court in *Sims v. Balkcom*, 220 Ga. 7 (2), supra, and *Massey v. State*, 220 Ga. 883 (2) (142 SE2d 832) which hold that the death sentence for rape does not constitute cruel and unusual punishment prohibited by the Eighth Amendment of the United States Constitution should not be followed because community standards have changed. We do not agree with this contention. So long as the legislature provides the death penalty for forcible rape, this court will uphold it. *Sims v. Balkcom*, supra; *Massey v. State*, 222 Ga. 143 (2) (149 SE2d 118); s.c. 224 Ga. 721 (4), supra; *Abrams v. State*, 223 Ga. 216 (11) (154 SE2d 443); *Manor v. State*, 223 Ga. 594 (18) (157 SE2d 431).

There is no merit in this contention of the appellant.

4. The appellant contends that his death sentence is illegal and unconstitutional in that Negroes receive the death penalty in such disproportionate numbers in relation to whites as to be explicable only by the race of the defendants, including appellant, in violation of his rights to due process and equal protection under the provisions of the Constitutions of the State of Georgia (Art. I, Sec. I, Pars. II and III; *Code*

*Ann.* §§ 2-102, 2-103) and of the United States (Fourteenth Amendment, *Code* § 1-815).

"The fact that the death sentence for rape has been imposed upon fewer white men than Negroes in past years does not show a denial of due process or equal protection of the laws under the United States Constitution." *Massey v. Smith,* 224 Ga. 721 (4), supra; *Sims v. State,* 221 Ga. 190, 195 (144 SE2d 103), rev. on other grounds, 385 U. S. 538 (87 SC 639, 17 LE2d 593), conformed to 223 Ga. 126 (153 SE2d 567), appeal after remand 223 Ga. 465 (156 SE2d 65), rev. on other grounds 389 U. S. 404 (88 SC 523, 19 LE2d 634), conformed to 224 Ga. 36 (159 SE2d 290).

It follows that this contention is without merit.

5. The appellant contends that the trial court erred in allowing in evidence on the issue of punishment the entire facts and circumstances surrounding the commission of the crime including the introduction of certain items of the victim's clothing. He contends that the trial court erred in overruling his motions to limit the evidence so as "not to go back into the details of the crime except to the extent that the State feels it must in order to show severity or degree of culpability" and thus exposed him to matters irrelevant to the issue. He contends that the evidence should have been limited strictly to matters outside the scope of guilt or innocence. He further contends that such evidence was prejudicial and in violation of his rights of due process and equal protection of the laws and of his right to be free from double jeopardy as guaranteed by the provisions of the Constitutions of the State of Georgia (Art. I, Sec. I, Pars. 3, 8 and 15 [sic]; *Code Ann.* §§ 2-103, 2-108, 2-115 [sic]) and of the United States (Fifth and Fourteenth Amendments, *Code* §§ 1-805, 1-815).

The issue in this case was sentence. The jury was entitled to have presented to it all evidence in the case in order to have a complete and intelligible picture of the crime when determining the severity of the sentence to be imposed. The trial court properly allowed in evidence all of the facts and circumstances surrounding the commission of the crime.

The appellant here had obtained a new trial on the issue of sentence by virtue of a previous appeal to this court. A new trial on the issue of sentence therefore does not amount to double jeopardy prohibited by the State or Federal Constitution.

There is no merit in these contentions of the appellant.

6. The appellant contends that there are no provisions under the laws of the State of Georgia for submitting separately to a jury the question of sentence. He contends that such procedure violates his rights of due process and his right to a speedy and public trial before an impartial jury, under the provisions of the Constitutions of the State of Georgia (Art. I, Sec. I, Pars. III and V; *Code Ann.* §§ 2-103, 2-105) and of the United States (Sixth Amendment, *Code* § 1-806; Fourteenth Amendment, *Code* § 1-815).

This case was reversed as to sentence on its former appearance in this court because of the ruling in Witherspoon v. Illinois, supra. In *Miller v. State*, 224 Ga. 627, 636 (163 SE2d 730), the first case decided by this court following the ruling in Witherspoon, we found that the sentence imposed was illegal. "Yet, under the provisions of *Code* § 6-1610, this court has the power 'to award such order and direction to the cause in the court below as may be consistent with the law and justice of the case.'" See also *Code* § 24-3901 (2) to the same effect. It follows that the contention of the appellant that there is no provision under the laws of Georgia for the separate submission to a jury of the question of punishment is without merit and there is no violation of the due process provisions of the Constitutions of Georgia and of the United States.

The contention of the appellant relating to his right to a speedy and public trial was not argued by him and is considered abandoned.

7. The appellant contends that the trial court erred in limiting its consideration to the motion for new trial, oral argument, and the original record of trial, despite evidence having been adduced and proffered at the hearing upon the motion for new trial, in violation of appellant's right to due process and equal protection under the provisions of the Constitutions of the State of Georgia (Art. I, Sec. I, Pars. 2 and 3; *Code Ann.* §§ 2-102, 2-103) and of the United States (Fourteenth Amendment, *Code* § 1-815).

At the hearing on the motion for new trial, the appellant proffered voluminous detailed "evidence" consisting of studies, affidavits, and procedures given by law students, professors, and others by interrogatories. He contends this matter supported the fact that in this State the death sentence for

rape had been imposed upon fewer white men than Negroes in past years.

Under our ruling in Division 4 of this opinion, the trial judge did not err in refusing to admit this matter into evidence at the hearing on the motion for new trial since it was not material to the issue. It follows that this contention of the appellant is without merit.

(a) The motion of the appellant to have such proffered "evidence" transmitted to this court under *Code Ann.* § 6-805 (f) (Ga. L. 1965, pp. 18, 24) is therefore denied. *Webb v. Walker,* 213 Ga. 285 (3) (99 SE2d 75).

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 13, 1970—DECIDED FEBRUARY 5, 1970— REHEARING DENIED FEBRUARY 19, 1970.

*Howard Moore, Jr., Peter E. Rindskopf,* for appellant.

*J. Lane Johnston, District Attorney, Arthur K. Bolton, Attornel General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, Assistant Attorney General, Dorothy T. Beasley, Deputy Assistant Attorney General,* for appellee.