## 25601. ARKWRIGHT v. THE STATE.

FRANKUM, Justice. Willie Arkwright was convicted by a jury in Screven Superior Court of rape without a recommendation of mercy and he was sentenced to be put to death by electrocution. Upon consideration of his appeal this court, on November 9, 1967, affirmed the judgment of the trial court. *Arkwright v. State*, 223 Ga. 768 (158 SE2d 370). Thereafter, he appealed to this court from a judgment adverse to his contentions in a habeas corpus proceeding and, in reversing the judgment of the trial court in the habeas corpus case, this court held: "1. Witherspoon v. Illinois, 391 U. S. 510 (88 SC 1770, 20 LE2d 776), holds that 'a sentence of death cannot be carried out if the jury that imposed or recommended it was chosen by excluding veniremen for cause simply because they voiced general objections to the death penalty or expressed conscientious or religious scruples against its infliction,' and the Supreme Court specifically made its decision 'fully retroactive' in application. The record on this habeas corpus hearing shows that veniremen were excluded for the reason that they were opposed to capital punishment and the Georgia law (*Code* § 59-806 (4)) was followed by excluding such jurors. Accordingly, the lower court erred in not ordering a new trial as to the sentence in accordance with the Witherspoon case. See *Miller v. State*, 224 Ga. 627 (163 SE2d 730). The case is returned with direction to the lower court to remand the prisoner to the court where he was tried for a new trial as to the sentence only." *Arkwright v. Smith*, 224 Ga. 764 (1) (164 SE2d 796).

Pursuant to the direction of this court in the habeas corpus case Arkwright was transferred from the State Prison in Tattnall County to Screven County where he was tried in the Supe-

rior Court of Screven County "as to sentence only" as directed by this court, and upon that trial the verdict of the jury provided that he be punished by death. Thereupon, a death sentence was pronounced and entered against him, and this appeal is from the overruling of his motion for a new trial and "the judgment of conviction and sentence."

1. Appellant made a motion that he be remanded to the Warden of the State Penitentiary at Reidsville, Georgia, from which he had been removed and brought to Screven County on the ground that such removal and transportation to Screven County was illegal. The trial court denied that motion and in so doing committed no error. The appellant's removal from the State Penitentiary and his transfer to Screven County was in accordance with the judgment and direction of this court in the habeas corpus case. See *Williams v. State*, 226 Ga. 140 (6).

2. There is no merit in the contention of the appellant that the court was without jurisdiction to re-try the case as to the sentence only. Jurisdiction in this respect was conferred by the order and direction given the case by this court in the habeas corpus case. *Arkwright v. Smith*, 224 Ga. 764, supra. There is no merit in this contention. See Witherspoon v. Illinois, 391 U. S. 510, supra; *Miller v. State*, 224 Ga. 627, supra.

3. The third ground of enumerated error complains because the court overruled the appellant's motion for a change of venue based on the alleged inability to obtain a fair and impartial jury in Screven County and on the likelihood of mob violence.

(a) With regard to the first of these contentions it is sufficient to say that appellant introduced absolutely no evidence of any probative value that a fair and impartial jury could not be obtained. It was therefore not error for the trial court to overrule the motion for a change of venue on this ground.

(b) With respect to the second of these contentions Section 5 of the Appellate Practice Act as amended by the Act approved March 15, 1966 (Ga. L. 1966, pp. 493, 496) provides that "a notice of appeal shall be filed within thirty (30) days after entry of the appealable decision or judgment complained of (except as provided in Code Section 27-1201, relating to change of venue in criminal cases). . ." The Code section referred to, insofar as pertinent, reads ". . . if a motion by petition shall be made by the accused for a change of venue said judge shall hear the same at chambers,

with or without the presence of the accused, at such time and place as he may direct; and if the evidence submitted shall reasonably show that there is probability or danger of lynching, or other violence, then it shall be mandatory on said judge to change the venue to such county as, in his judgment, will avoid lynching. The petitioner shall have the right to except to the ruling of the court at such interlocutory hearing and the bill of exceptions when signed shall operate as a supersedeas in the trial of said case, until passed on by the Supreme Court: *Provided, that said prisoner shall present said bill of exceptions to the judge hearing said motion within six days after the refusal to grant said motion.* Said bill of exceptions shall be filed in the office of the superior court clerk of the county of the alleged crime within two days after being signed by the judge, and said clerk shall transmit said bill and the required record of said case as early as possible and not exceeding 10 days from the filing in said office to the Supreme Court. Said case in the Supreme Court shall be heard as soon as possible, taking precedence of all other causes: . . . ." (Emphasis supplied). While the reference contained in the foregoing Code section is to bills of exceptions, (now appeals) to the Supreme Court, it has been held that under constitutional provisions jurisdiction of such direct appeals is in the Court of Appeals and not in the Supreme Court. See *Ruffin v. State,* 151 Ga. 743 (108 SE 29). With respect to this Code section this court has said: "It lays emphasis upon the necessity for a change of venue to prevent mob violence; and in immediate connection with this expression giving emphasis to that legislative command is the provision for a direct bill of exceptions to an adverse ruling of the court, which exceptions shall operate as a supersedeas in the trial of the case. The obvious reason for giving additional rights in the matter of procedure where a petition was based upon the ground of danger of lynching was no doubt present in the legislative mind in enacting the statute of 1911; and that was, that an error in passing upon a petition based upon this ground had to be corrected before trial, or it could not be corrected. If the court should erroneously deny a motion based upon the ground that there was a probability of lynching, and that probability should eventuate in certainty, no reviewing court could then correct the error." *Coleman v. George,* 140 Ga. 619, 624 (79 SE 543). See also *Williford*

*v. State,* 121 Ga. 173, 178 (48 SE 962), and *Anderson v. State,* 190 Ga. 455, 457 (9 SE2d 642). Procedure by bill of exceptions having been abolished, we think it is obvious that it was the intention of the legislature merely to substitute the procedure of filing a notice of appeal with the clerk of the trial court in lieu of the former procedure of presenting a bill of exceptions to the trial judge, and that such notice of appeal should be filed within six days after the refusal to grant a change of venue on the ground of the danger of lynching or other violence. Since the appellant did not follow such procedure insofar as his third ground of enumerated error seeks to raise the question of the correctness of the court's action in overruling his motion for change of venue on the ground of the danger of mob violence it presents nothing for our decision.

4. With respect to the final enumeration of error which complains of the overruling of the defendant's motion for a new trial based upon the general grounds only, suffice it to say, that the evidence amply authorized the jury to impose the death penalty.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 13, 1970—DECIDED FEBRUARY 19, 1970—
REHEARING DENIED MARCH 5, 1970.

*L. H. Hilton, Limerick L. Odom, Aaron Kravitch,* for appellant.

*J. Lane Johnston, District Attorney, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, Courtney Wilder Stanton, Assistant Attorneys General, Dorothy T. Beasley, Deputy Assistant Attorney General,* for appellee.