## 25788. LINGO v. THE STATE.

ARGUED MAY 11, 1970—DECIDED JUNE 8, 1970—
REHEARING DENIED JUNE 25, 1970.

Murder. Lowndes Superior Court. Before Judge Franklin.

*E. G. Shaffer,* for appellant.

*George O. Horkan, Jr., District Attorney, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, Assistant Attorney General, Wade V. Mallard, Jr.,* for appellee.

GRICE, Justice. Joe Lingo, Jr., appeals to this court from a sentence of death. In a previous trial he had been convicted of murder and sentenced to death, and this court affirmed that conviction and sentence. *Lingo v. State,* 224 Ga. 333 (162 SE2d 1).

However, upon habeas corpus proceedings in the Superior Court of Tattnall County, that court found there had been improper exclusion of jurors opposed to capital punishment, and remanded the case to the Superior Court of Lowndes County, where he was originally tried, for further proceedings in accor-dance with *Miller v. State,* 224 Ga. 627 (163 SE2d 730).

In the *Miller* case, this court held that "Under the ruling in . . . [Witherspoon v. Illinois, 391 U. S. 510 (88 SC 1770, 20 LE2d 776)] the sentence of death in the instant case is illegal . . . the verdict and judgment of conviction for rape are affirmed. The sentence imposed on the verdict is reversed with direction that the trial court impanel a jury selected as in a capital case for the submission to it of the sole question: Should the defendant be recommended to mercy and sentenced according to *Code Ann.* § 26-1302 (Ga. L. 1960, p. 266)? In the selection of the jury for such trial, no member of the jury panel shall be excused for cause solely because of his being opposed

to capital punishment. However, the State will have the right to challenge for cause any prospective juror who states that his reservations about capital punishment would prevent him from making an impartial decision as to a defendant's guilt of rape. Furthermore, the State is not prevented from asserting the right to exclude from the jury any juror who states that he could never vote to impose the death penalty or that he would refuse even to consider its imposition in the case before him." P. 636.

Upon the return of the case to the Superior Court of Lowndes County and before trial, the appellant filed "motions and objections," a motion to dismiss, and orally moved for jury trial on the issue of both guilt and punishment, rather than punishment only. These motions, all of which raised objections to trial on the limited issue of sentence, were denied.

Trial was had as to punishment only, and the jury did not recommend mercy. Whereupon, the trial judge imposed the sentence of death.

The appellant's motion for new trial, as amended, incorporated the previous motions and objections and the motion to dismiss, and also complained that the trial court erred in denying the oral motion to grant a jury trial on guilt as well as punishment. It urged that in granting a jury trial on the issue of punishment only the trial court denied the appellant due process of law and the right of counsel as guaranteed by the State and Federal Constitutions, in that there is no authorization for a jury trial on the limited issue of punishment only and no standards or rules prescribed for such a proceeding. The motion also complained of the failure to grant a mistrial for an alleged improper question and of the admission of certain evidence, which will be referred to later. This motion for new trial was denied.

Enumerated as error are the denial of the motion for new trial, denial of the motions and objections relating to trial on the issue of punishment only, denial of the motion for mistrial, admission of certain evidence, and a portion of the charge to the jury.

■ Appellant's attacks upon his trial by jury on the sole issue of punishment are foreclosed against him by many recent

■

498

decisions of this court. See in this connection, *Miller v. State,* 224 Ga. 627, 633, supra; *Massey v. Smith,* 224 Ga. 721 (8) (164 SE2d 786); *Arkwright v. Smith,* 224 Ga. 764 (1) (164 SE2d 796); *Jones v. State,* 224 Ga. 782 (164 SE2d 831); *Williams v. Smith,* 224 Ga. 800 (164 SE2d 798); *Brawner v. Smith,* 225 Ga. 296, 298 (167 SE2d 753); *Alexander v. State,* 225 Ga. 358, 360 (168 SE2d 315); *Williams v. State,* 226 Ga. 140 (6) (173 SE2d 182); *Arkwright v. State,* 226 Ga. 192 (2) (173 SE2d 179).

■ Likewise, there is no merit in the appellant's contention that the trial court erred in denying his motion for mistrial which asserted that a prejudicial and improper question was propounded to a witness by the district attorney.

The question was "Now, Mrs. Willis state whether or not you ever talked to your husband . . . [the deceased], about the possibility that he might be robbed late at night while working there at this filling station?"

Appellant contends that the trial judge had correctly sustained his objection to this question since it involved hearsay, but that notwithstanding his ruling the district attorney asked the question again, and that it was again necessary for him, in the presence of the jury, to object and to move for a mistrial, which was overruled. He contends that what occurred prejudiced the jury, particularly since the witness was the widow of the deceased. The State contends that this question did not involve hearsay and that asking it the second time did not contravene the judge's ruling, which was not to "go into anything that he might have said to her."

In our view, the question did not contravene the judge's ruling or involve hearsay. It sought only an answer as to whether the witness had mentioned to her husband the possibility of his being robbed. Nothing beyond that was asked; no attempt was made to go into anything the deceased had said to the witness. In this situation the credibility of this testimony depends upon the veracity of this witness, who was subject to cross examination. See *Code* § 38-301; *Williams v. American Surety Co.,* 83 Ga. App. 66, 69 (62 SE2d 673); 29 AmJur2d 555, Evidence, § 497; 31A CJS 532, Evidence, § 193 b.

Therefore, it was not error to deny the motion for mistrial.

■ Nor was it error to permit a police officer to testify as to a conversation he had with the victim concerning the crime.

In this connection, an officer swore that he was on duty at the desk in the police station and as the result of a telephone call received there at approximately 2:50 a.m. on the date in question, he dispatched a patrol car to a specified service station to investigate a robbery and shooting. Another officer testified in substance that he received a call to go to such service station, that he arrived there at approximately 2:50 a.m., that he found the deceased lying on the floor inside the station, that he saw blood on his head, that the telephone was about two feet from the victim and the receiver was "dangling down off the hook," that he talked with the victim at that time, that the victim related to him that he had been robbed and shot, and that the victim gave him a description of the person who shot him. The victim died about two hours later.

This testimony as to what the victim told the police officer was clearly admissible as part of the res gestae, under *Code* § 38-305, which provides that "Declarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought, shall be admissible in evidence as part of res gestae."

■ The remaining contention is that the trial court erred in giving in charge *Code Ann.* § 26-1005, which prescribes the punishment for murder. The appellant maintains that this provision is not applicable here since the issue was limited to punishment only, and there is no statutory or judicial interpretation for procedure.

This contention is not meritorious. This was the only statute relating to punishment for murder in force in this State at the time of the offense, and therefore it was incumbent upon the judge to give it in charge.

*Judgment affirmed. All the Justices concur.*