## 25959. MILLER v. THE STATE.

UNDERCOFLER, Justice. This is the second appearance of this case here. See *Miller v. State*, 224 Ga. 627 (163 SE2d 730), where a new trial was granted on the issue of punishment only. This appeal is from the sentence of death entered upon such retrial. *Held*:

1. The appellant complains of the admission of testimony by the prosecutrix and the family physician relating to the physical health and subsequent death of the prosecutrix's mother after the alleged rape. The objection was on the ground that such testimony was prejudicial and had no probative value. The appellant contends that the purpose of eliciting such evidence was to insinuate a causal connection between such death and the crime of rape with which the appellant was charged. The evidence shows that the mother was 81 years of age and in ill health at the time she witnessed the alleged rape. She died sometime thereafter.

"The jury was entitled to have presented to it all evidence in the case in order to have a complete and intelligible picture of the crime when determining the severity of the sentence to be imposed." *Williams v. State*, 226 Ga. 140 (5) (173 SE2d 182). The fact that the eyewitness to the crime was dead explained why she did not appear and testify and was not prejudicial to the defendant. *Montos v. State*, 212 Ga. 764 (4) (95 SE2d 792); *Dunham v. State*, 8 Ga. App. 668 (70 SE 111); *Green v. State*, 65 Ga. App. 754 (16 SE2d 438). There is no merit in this enumeration of error.

2. The appellant contends that the in-court identification of him by the prosecutrix should have been excluded on objection. He claims it was tainted because the prosecutrix had previously identified the appellant in the sheriff's office at a "show-up." This contention is without merit. The appellant's guilt had been established in the first trial. The instant trial was on the issue of punishment only. *Miller v. State*, supra; *Williams v. State*, supra.

3. The appellant contends that the trial court abused its discretion in permitting the State to re-open the case after it had rested and to permit witnesses not listed to testify. There is no merit in these contentions. The trial judge has wide discretion in the handling of a case and it is not error to allow the State to re-open its case after it has rested. *Eber-*

*hart v. State,* 47 Ga. 598 (6); *Johnson v. State,* 85 Ga. 561 (3) (11 SE 844); *Whitehead v. State,* 126 Ga. 558 (1) (55 SE 404); *Britten v. State,* 221 Ga. 97, 100 (143 SE2d 176); *Mobley v. State,* 221 Ga. 716 (4) (146 SE2d 735). To invoke a ruling prohibiting the State's use of witnesses whose names were not furnished the defendant, it must appear that a demand for such names was made before arraignment. *Code Ann.* § 27-1403 (Ga. L. 1966, pp. 430, 431); *Prather v. State,* 223 Ga. 721 (1) (157 SE2d 734); *Jones v. State,* 224 Ga. 283 (5) (161 SE2d 302). No such demand was made in this case.

4. Error, if any, in permitting the sheriff and clerk to testify although they had remained in the courtroom after the appellant invoked the rule of sequestration at the beginning of the trial was harmless. The testimony of the sheriff related only to the custody and retention of the victim's garments for production at the trial. The testimony of the clerk related only to the custody and retention of such garments after they had been introduced in evidence on the first trial. *Turbaville v. State,* 58 Ga. 545 (1).

5. The appellant contends that the district attorney's summation argument was inflammatory and his motion for mistrial on this basis should have been granted. The complaint generally is that the district attorney characterizes the appellant as a brute, beast, an animal, and a mad dog who did not deserve to live. We have carefully reviewed the district attorney's argument in the light of all the evidence. We do not find that it requires the grant of a mistrial. *Ozburn v. State,* 87 Ga. 173, 182 (13 SE 247); *Bailey v. State,* 153 Ga. 413 (2) (112 SE 453); *Johnson v. State,* 154 Ga. 529 (1) (114 SE 713); *Allen v. State,* 187 Ga. 178, 181 (200 SE 109, 120 ALR 495); *Hyde v. State,* 196 Ga. 475, 487 (26 SE2d 744); *McLendon v. State,* 205 Ga. 55, 63 (52 SE2d 294); *Patterson v. State,* 206 Ga. 260 (3) (56 SE2d 501); *Wynn v. State,* 207 Ga. 141 (3) (60 SE2d 767); *O'Bryant v. State,* 222 Ga. 326 (149 SE2d 654).

6. The appellant contends that the court erred in proceeding with his sentencing trial without standards and guidelines and that this denied him due process of law. This contention is without merit. *Miller v. State,* 224 Ga. 627, 633 (163 SE2d 730); *Massey v. Smith,* 224 Ga. 721 (8) (164 SE2d 786); *Arkwright v. Smith,* 224 Ga. 764 (1) (164 SE2d 796); *Jones v. State,* 224 Ga. 782 (164 SE2d 831); *Williams v. Smith,* 224 Ga. 800 (164 SE2d 798); *Alexander v. State,* 225 Ga. 358 (3) (168

SE2d 315); *Williams v. State,* 226 Ga. 140 (6) (173 SE2d 182); *Arkwright v. State,* 226 Ga. 192 (2) (173 SE2d 179); *Lingo v. State,* 226 Ga. 496 (175 SE2d 657).

7. Other enumerations of error not argued orally or by brief are deemed abandoned.

*Judgment affirmed. All the Justices concur..*

ARGUED SEPTEMBER 14, 1970—DECIDED OCTOBER 8, 1970.

*John H. Ruffin, Jr., Thomas M. Jackson,* for appellant.

*George D. Lawrence, District Attorney, Arthur K. Bolton,. Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, Courtney Wilder Stanton,. Assistant Attorneys General,* for appellee.