## 57390. BURGESS v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant and three others were indicted for the offense of armed robbery. The defendant was tried separately. During opening argument, which was not recorded, the district attorney is quoted by the court as making a statement to the jury "to the effect that the defendant was a co-indictee with some other people, at least two of whom have pled guilty to the charge this morning . . ." The defendant moved for a mistrial, which was overruled. The district attorney stated: "Your Honor, I planned to call those codefendants as witnesses and ask them if they entered a plea of guilty. Now certainly —"

Thereafter, the district attorney referred to a pre-trial statement of the defendant as "incriminating." Counsel for defendant objected and moved for a mistrial. The court also denied that motion for a mistrial and commented on his earlier ruling: "The District Attorney made a statement in his opening statement that the codefendants had pled guilty. I overruled a motion for a mistrial. It was my understanding at that time that the state somehow was going to prove that, or that would develop later during the trial, so as to not result in any prejudice. The State, having rested, and not pursued in any way, a new motion on that ground would have to be dealt with at least by a cautionary instruction. So the Court is going to bring the jury out and give a cautionary instruction as to both of these things, *after which time you can renew your motion if you want to preserve it for the record.*" (Emphasis supplied.) The jury was fully

instructed and counsel for the defendant did not renew his motion for a mistrial. Defendant appeals his conviction. *Held:*

1. The defendant enumerates as error the rulings of the trial court in denying his motions for mistrial. While we do not condone the argument of the district attorney, and will not speculate on the ruling that we might have reached if this issue had been preserved for our review, we are constrained to rule that where "counsel for the defendant objected to the argument and moved for a mistrial, that the court instructed the jury that the argument was improper and to disregard it, and that no further ruling by the court was invoked by counsel for the defendant thereafter. Under these circumstances the rulings thus complained of present no question for decision. [Cit.]" *Curtis v. State,* 224 Ga. 870 (8) (165 SE2d 150); *Suggs v. State,* 225 Ga. 565 (3) (170 SE2d 237). The rule requiring renewal of the motion for mistrial following corrective instructions has been eliminated in civil cases but is retained in criminal cases. *Bruce v. State,* 146 Ga. App. 383, 384 (246 SE2d 412). The requirement for renewing his motion was specifically pointed out to counsel. It was incumbent upon him — if he was dissatisfied with the curative instructions, to request further instructions or renew his motion for mistrial. *Pitts v. State,* 141 Ga. App. 845 (3) (234 SE2d 682). Being cautioned as to the method to preserve his objection, a counsel can not during trial ignore what he thinks to be an injustice, take a chance on a favorable verdict, and complain on appeal. *Johnson v. State,* 226 Ga. 511, 514 (175 SE2d 840). These alleged errors have not been preserved for appellate review.

Concerning the remark of the district attorney as to the nature of the defendant's statement, it was admitted in evidence. It was not exculpatory. Defendant admitted that he was in the room when the robbery was taking place and thereafter accepted the gun which was used to effect the robbery and sold it. The statement is incriminatory. It was read to the jury and they are authorized to make the decision whether the statement was incriminating. *Griggs v. State,* 146 Ga. App. 694 (4) (247 SE2d 219). Thus, defendant could not have been

harmed by the stated conclusion of the district attorney.

2. Defendant contends it was error to allow "the alleged statement made by [the defendant], to be read to the jury." In the "Jackson-Denno" hearing, the state established that the defendant was read and explained his Miranda rights, signed the waiver, and made a statement. Under examination by his counsel, the defendant admitted he made the statement "freely and voluntarily" but "didn't understand it" — presumably referring to the explanation of his rights. The decision of the trial court is supported by the evidence of record. We find no merit to this enumeration.

3. The defendant argues the general grounds on appeal, although they were not enumerated as error. Defendant admitted his presence in the room during the robbery. One victim testified that she was held by the defendant during the robbery. A security guard saw the three men — including the defendant — exit the room after the robbery took place. This enumeration is without merit.

4. In view of the evidence against the defendant, including his own statement of the extent of his participation, and his identification by one of the persons who had been robbed, it is "highly probable" that any remark by the district attorney did not contribute to the judgment. *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869).

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

SUBMITTED MARCH 12, 1979 — DECIDED
APRIL 13, 1979.

*James P. Brown, Jr.,* for appellant.
*E. Byron Smith, District Attorney, Kenneth Waldrep, Assistant District Attorney,* for appellee.