## 57881. MOSLEY v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals his conviction for the offense of armed robbery. *Held:*

1. It is alleged that the trial court erred in "allowing the district attorney to comment on the appellant's failure to make a statement subsequent to his arrest . . ." In opening argument the assistant district attorney was stating what she intended to prove and stated that the defendant was "taken to the police station and made no statement . . ." The defendant did not object. The court excused the jury and advised her that there were "grounds

for a mistrial on the record based on the opening statement." Counsel for defendant was not aware of the precise objectionable material. After the court advised him of what had been said, he moved for a mistrial. The court reasoned that since counsel didn't hear it the jury probably missed it also. He refused the mistrial and offered to instruct the jury. Counsel for defendant stated: "I doubt that they caught it, and wouldn't hold that against him either way. I think if we just stay silent." [sic] The trial court again offered to give the instruction but counsel declined: "I don't think it will be necessary, Your Honor. They don't catch these things like your Honor." On appeal a different defense counsel argues: "Nor did the court, pursuant to *Ga. Code Ann.* § 81-1009, take any steps to lessen the prejudicial effect." Induced error is impermissible. *Edwards v. State,* 235 Ga. 603, 604 (221 SE2d 28). Counsel cannot complain on appeal of an order or ruling that his own conduct procured or aided. *Dodd v. Dodd,* 224 Ga. 746, 747 (164 SE2d 726).

The prosecutor's opening statement is not evidence. Thus, no evidence was offered as to this fact. Further, the trial court offered to instruct the jury after denying the motion for mistrial and defendant declined we find the same rule would apply here where the defendant declines corrective instructions as would obtain if such instructions had been given. That is, the defendant did not renew his motion for mistrial after it had been denied and the court offered to give curative instructions. See *Suggs v. State,* 225 Ga. 565, 566 (170 SE2d 237). We also find this error not to require reversal because it is highly probable it did not affect the result reached by the jury (*Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869)) in view of the overwhelming evidence of defendant's guilt. *Shepherd v. State,* 239 Ga. 28 (1) (235 SE2d 533). In *Shepherd,* supra, this same error was urged, and the same result reached. This enumeration is without merit.

2. The defendant contends the court erred in permitting defendant's character to be introduced in evidence and in denying his motion for mistrial following the introduction of such evidence. The evidence objected to was the statement by the defendant to his victim at the time he robbed him: "Man, I hate to do this, but the law is

after me . . ." Generally, in the prosecution for a particular offense, evidence of another offense wholly independent from the one being prosecuted is inadmissible. But, if the statement by the defendant forms a part of the same transaction of the one being prosecuted, it is a part of the res gestae and is admissible. *Burger v. State,* 242 Ga. 28, 32 (247 SE2d 834). The fact that it shows another crime and incidentally places the defendant's character in issue does not render it inadmissible. *Lenear v. State,* 239 Ga. 617, 619 (238 SE2d 407). These enumerations are without merit.

3. The trial court did not err in denying defendant's motion for new trial based on the general grounds and those cited above. The evidence showed that the man he robbed had met him previously and offered him a job. The defendant had furnished him with his name, nickname, address and phone number. The individual arrested driving the stolen car testified that he had purchased the car from the defendant. The defendant admitted that his nickname was the one listed on the paper given to the victim and he lived at the address listed until he was arrested for this offense. This enumeration is without merit.

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

ARGUED MAY 10, 1979 — DECIDED JUNE, 22, 1979 —
REHEARING DENIED JULY 17, 1979.

*Margaret H. Thompson,* for appellant.
*M. Randall Peek, District Attorney, Madeline S. Griffin, Assistant District Attorney,* for appellee.