## 58873. SWEENY v. THE STATE.

DEEN, Chief Judge.

1. The exception to the rule that evidence of other criminal transactions may not be introduced on the trial of the defendant is that, first, there must be clear proof that the alleged crime for which the defendant is on trial was in fact committed by someone, and secondly, that something so connects the two crimes — the motive or

criminal intent, the modus operandi, a prior attempt to commit the same criminal act, and so on — that proof that the defendant did in fact commit the other criminal offense tends to prove he committed the one for which he is on trial. *French v. State*, 237 Ga. 620 (229 SE2d 410) (1976). Mere proof that the crimes are alike (armed robbery, pick-pocketing, rape, etc.) does not meet this criterion. *Bacon v. State*, 209 Ga. 261 (71 SE2d 615) (1952). It thus takes a high degree of proof, as this court and the Supreme Court have continually emphasized for the past quarter of a century, to allow in evidence proof of other crimes. An examination of criminal cases in the appellate courts reveals that more often than not such attempts constitute reversible error.

The facts of this case as proved by the state are that a police officer on plain clothes detail was accosted and propositioned by a girl later identified as the defendant's wife, who suggested they go to her apartment for a "date" and that he pay $30. She got in the car and directed him to the apartment. When he parked the van she sat in his lap, but on noticing a police identification card in the car tried to jump out and started yelling, "Police." The witness grabbed her by the arm. He identified himself. She continued yelling, at which time the defendant came up behind him and hit him twice on the head with a club. The pair escaped but later, on issuance of arrest warrants, surrendered themselves. The car in which the defendant took off was identified as the same car which the officer had seen earlier parked near the spot where he picked up the defendant's wife.

The facts of the "similar crime" testified to by a witness who identified the defendant and his wife were as follows: Defendant's wife accosted the witness and suggested he have a "date" for which she would charge $25 and that they go to her place. The parties went to a room pointed out by defendant's wife; they undressed and he paid her the money. Thereafter, following a knock on the door, she informed the witness they would have to leave. $400 was missing from the witness' wallet; he attempted to give chase and saw the girl enter a car driven by the defendant. He chased the car; it stopped, defendant got out and pointed a pistol at the witness and the witness

departed. The pair was, however, identified and arrested shortly thereafter.

In both crimes there is a firm identification of the parties, a "come-on" by the woman who enticed the victim into a room for sexual purposes; an interruption; a chase of the woman which ended when the defendant, stationed nearby, assaulted the witness and departed with his wife. The circumstances are sufficiently bizarre and analogous so that it may be fairly said that proof that the defendant was involved in one of these capers would tend to prove he was involved in the other. The evidence was properly admitted over objection.

2. However, the state's attorney tried to prove yet another incident, not admitted by the defendant, as to which no witness was introduced to identify the defendant or to establish that the questions asked were founded in fact. This was indeed error: There was no proof a crime had been committed and no proof that, if so, the defendant was involved. However, in summarizing his instructions toward the end of the charge, the trial court reiterated: "The Court previously instructed you to disregard certain questions and answers respecting an incident alleged to have occurred on or about November 15, 1978. I further instruct you again with respect to that matter. Each and every question posed by the district attorney concerning that incident which was denied by the defendant must be taken as positive evidence of the defendant's innocence ... since this is the only testimony before the Court on these issues." After completing the charge the judge asked counsel whether there were any objections; both parties conceded that there were none. No further objection was raised. We must therefore conclude that the original error was rendered harmless by the curative instructions. *Burgess v. State*, 149 Ga. App. 630 (1) (255 SE2d 100) (1979). This ruling applies to the third, fourth and fifth enumerations of error.

3. The final enumeration objects to "allowing hearsay statements on the ultimate issues in the case." We are not informed either in it or the accompanying portion of the brief what statements are referred to, although from various page references it appears that there were objections to portions of the police officer's conversation

with the defendant's wife. In view of all the circumstances, statements by the witness of his agreement with the defendant's wife to pay her and accompany her to a room of her choosing for purposes of a "date" were admissible under Code § 38-202 to explain the actions of the witness.

*Judgment affirmed. Shulman and Carley, JJ., concur.*

ARGUED NOVEMBER 6, 1979 — DECIDED NOVEMBER 30, 1979 — REHEARING DENIED DECEMBER 12, 1979.

*Ben S. Atkins, Dorothy D. Atkins,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, R. David Petersen, Benjamin H. Oehlert, III, Assistant District Attorneys,* for appellee.