## 61942. PROPHET v. THE STATE.

DEEN, Presiding Judge.

Gregory Prophet brings this appeal from his conviction of aggravated assault.

1. Appellant asserts as error the trial court's ruling which denied his motion for a mistrial. The victim testified about the assault and was cross-examined. On redirect, he was asked if Prophet had come around to his place to talk to him after he was assaulted. The victim replied that he had, but had not threatened him although "he resisted arrest cause when they came after him . . ." After objection, and motion for mistrial, the court instructed the jury to remove the witness' last response from their minds and instructed the witness to respond directly to the question asked.

If a defendant is dissatisfied with the court's curative instruction, he must either request further instructions or renew his motion for a mistrial to preserve the alleged error for review. *Burgess v. State,* 149 Ga. App. 630 (255 SE2d 100) (1979). This enumeration is without merit.

2. Appellant also contends that the evidence was insufficient to support the jury verdict. The victim testified that he had known Prophet for eight to ten years and that a man who identified himself as "Gregory" knocked on the front door on the night of the assault. He opened the door and admitted the appellant. The men walked to the victim's room where the appellant demanded money from him. When the victim refused, Prophet pulled a knife and cut him in three places. The only other witness to identify appellant testified that he was the person who answered the door, he recognized him as Gregory Prophet, Prophet went into the victim's room and he heard a scream. The witness further testified that he had not been drinking on the day in question. Although the investigating officer admitted making a notation in his report that the victim and the witness were too intoxicated to give information, he testified that he did not see the victim at the crime scene and that Prophet's name and address were given to him by witnesses at the scene. The officer further testified that he went to the hospital where the victim was being treated for his wounds and ". . . I couldn't obtain much information from the man

being treated, the state that he was in like that . . ." The victim went to the police station the following morning and reported the incident naming the appellant as his assailant.

The credibility of the witnesses is solely a question for jury determination. *Redd v. State,* 154 Ga. App. 373 (268 SE2d 423) (1979). In reviewing the evidence, we find that a rational trier of fact could have found that the appellant was guilty of aggravated assault beyond a reasonable doubt. *Driggers v. State,* 244 Ga. 160 (259 SE2d 133) (1979).

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED MAY 19, 1981.

*H. L. Cheney III,* for appellant.

*H. Lamar Cole, District Attorney, Richard Sheldon, James E. Hardy, Assistant District Attorneys,* for appellee.