## 66790. SCOTT v. THE STATE.

DEEN, Presiding Judge.

Albert Lee Scott was convicted of aggravated assault and received a twenty-year sentence (ten years to serve in confinement and ten years on probation), fined $1,000 and ordered to pay restitution to the victim for his medical expenses.

1. The victim testified that the defendant threatened to kill him and burn his house down, and the prosecutor asked: "Did the sheriff's department do anything at that time?" The witness replied: "They gave me a number, they told me they already had two or three warrants on Albert Lee but they couldn't find him." Defense counsel immediately moved for a mistrial and the trial court gave curative instructions to the jury. As counsel did not renew his motion following the court's instructions to the jury, he has failed to preserve the alleged error. *Jackson v. State,* 248 Ga. 480 (284 SE2d 267) (1981); *Prophet v. State,* 158 Ga. App. 578 (281 SE2d 321) (1981); *Burgess v.*

*State,* 149 Ga. App. 630 (255 SE2d 100) (1979).

2. The testimony of the victim as to his injuries and treatment was admissible to prove that an aggravated assault occurred and was within the witness' personal knowledge. *Howard v. State,* 165 Ga. App. 555 (301 SE2d 910) (1983); *Bostic v. State,* 157 Ga. App. 445 (278 SE2d 97) (1981).

3. Appellant's objection to the victim's testimony as to the reason the accused shot out his truck window was sustained by the trial court and therefore is not presented as an issue for review on appeal.

4. Appellant waived his opportunity to present mitigating evidence prior to sentencing. After the verdict was returned, the court asked if there was any reason sentence should not be imposed at that time, and counsel replied: "No, sir." He made the same reply when asked if there was anything he or the defendant wanted to say. Moreover, this issue was not raised in the court below and presents nothing for review on appeal. *Jackson v. State,* 163 Ga. App. 526 (295 SE2d 206) (1982).

5. The trial court did not err in failing to charge that simple battery is a lesser included offense of aggravated assault. Where the assault is committed with a deadly weapon (a gun in this case), simple battery is not a lesser included offense. *Powell v. State,* 140 Ga. App. 36 (230 SE2d 90) (1976).

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED FEBRUARY 2, 1984.

*John N. Crudup,* for appellant.

*Bruce L. Udolf, District Attorney, Christopher J. Walker III, Assistant District Attorney,* for appellee.